996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darryl CORN, Plaintiff-Appellant,
v.
Jack LEWIS, Commissioner of Corrections Cabinet; Dewey
Sowders, Warden Northpoint Training Center; Peggy Smith,
Ombudsman for Department of Corrections; Trina C. Rogers,
Grievance Coordinator, Northpoint Training Center,
Defendants-Appellees.
 No. 92-6642.
 United States Court of Appeals, Sixth Circuit.
 June 15, 1993.
 
 Before MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Darryl Corn is a pro se Kentucky prisoner who appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Corn alleged that the defendants had violated his rights to due process and equal protection because they had not created a formal procedure for electing inmates to serve on the prison grievance committee. As a result, Corn alleged that he lost his position on the committee. On October 27, 1992, the district court adopted a magistrate judge's recommendation and dismissed the complaint under 28 U.S.C. § 1915(d). Corn's motion for rehearing was denied on November 23, 1992. It is from this judgment that Corn now appeals. He also moves for the appointment of counsel.
 
 
 3
 A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d) if it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). The dismissal of a case under § 1915(d) is reviewed for an abuse of discretion on appeal. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). The district court did not abuse its discretion in the present case because Corn's claims are based on the alleged infringement of a legal interest which clearly does not exist. See Neitzke, 490 U.S. at 327.
 
 
 4
 Corn's due process claim is frivolous because he does not have a constitutionally protected right to a grievance procedure. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991) (per curiam). It follows that he does not have a constitutional right to sit on the prison's grievance committee. Moreover, Corn alleges only that the defendants failed to provide a formal election process. "Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Thus, Corn's due process claim lacks merit because he has not alleged the deprivation of a substantive right. Id.
 
 
 5
 Corn's equal protection claim was also properly dismissed as frivolous. Corn alleged that he was subjected to racial discrimination because the defendants failed to establish a formal election procedure, thus causing him to lose his position on the committee. However, he also plainly states that "inmates are elected by inmates." Hence, the claim was properly dismissed because the defendants' actions were not the proximate cause of any injury that Corn may have suffered. See White v. Gerbitz, 892 F.2d 457, 463 (6th Cir.1989).
 
 
 6
 Accordingly, Corn's motion for counsel is denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.