[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 20, 2005
THOMAS K. KAHN
CLERK

No. 04-16594
Non-Argument Calendar

_____

D. C. Docket No. 00-14337-CV-KMM

CHARLES ROBERT BAKER,

Plaintiff-Appellant,

versus

EVERETT REXROAD,
STEVE PARKER,
RAYMOND SNELL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 20, 2005)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Charles R. Baker, a prisoner proceeding *pro se*, appeals the district court's order granting defendants Steve Parker's and Raymond Snell's motion to dismiss Baker's civil rights action, filed pursuant to 42 U.S.C. § 1983, because it failed to state a claim. Additionally, Baker appeals the district court's order granting defendant Everett Rexroad's motion for summary judgment. Baker alleged in his § 1983 complaint that (1) Rexroad, working as a hearing officer in the detention facility where Baker was confined, violated his due process rights by denying his request to call a witness at a prison disciplinary hearing and by finding him guilty of disobeying an order to clean his prison cell; and that (2) Parker, a corrections officer, and Snell, the prison's assistant superintendent, violated his due process rights by failing to take corrective action during the administrative appeals process.

On appeal, Baker argues that the failure of both Parker and Snell to investigate and review his claims during the administrative appeals process deprived him of his constitutional rights, giving rise to an actionable claim under 42 U.S.C. § 1983.[1] Baker therefore contends that his complaint was sufficient to state a claim alleging a denial of due process and that the district court improperly dismissed his claim with respect to Parker and Snell.

---

[1] Baker was sentenced to 30 days in disciplinary confinement and lost 60 days of gain time as a result of his conviction of the charge in the disciplinary report. Although the conviction was subsequently overturned and Baker's gain time restored, he had already served 30 days in disciplinary confinement.

We review a grant of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) *de novo*, applying the same standard as the district court. *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). In reviewing the complaint, we "must accept the well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998) (quotation omitted). "[A] complaint should not be dismissed [pursuant to Rule 12(b)(6)] for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Here, Baker claims that Parker and Snell denied him due process by failing to take corrective action during the appeal of his disciplinary conviction. In order to prevail, however, Baker must first demonstrate that the inmate grievance procedure provided him with a constitutionally protected interest. Although we have not yet considered this issue, we agree with other circuits that have held that these proceedings are not constitutionally mandated. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (per curiam) (holding that a state-created prison grievance procedure is simply a procedural right and

3

does not confer any substantive right upon an inmate); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that federal prison administrative remedy procedures "do not in and of themselves create a liberty interest in access to that procedure," and that "the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance"); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding that "[t]here is no legitimate claim of entitlement to a grievance procedure").

Because the failure of Parker and Snell to take corrective action upon the filing of Baker's administrative appeal at the institutional level did not amount to a violation of due process, the district court properly determined that Baker failed to state a claim under § 1983 with respect to Parker and Snell.

Baker next argues that the district court erred in granting defendant Rexroad's motion for summary judgment. We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court and viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *See Burton v. Tampa Housing Auth.*, 271 F.3d 1274, 1276-77 (11th Cir. 2001) (citations omitted). "A grant of summary judgment may be upheld on any basis supported by the record." *Id*. at

4

1277.  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

We have identified two situations in which a prisoner, who has already been deprived of liberty in the traditional sense, can be further deprived of his liberty such that due process is required.  "The first is when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court.  The second situation is when the state has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Kirby v. Siegelman*, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (per curiam) (internal citations and quotations omitted).  However, even if a prisoner is further deprived of his liberty, thus requiring due process, it is well established that "the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise."  *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994) (*en banc*).

Here, Baker was given written notice of the charges and a written statement of the reasons for the disciplinary action. He was not afforded the opportunity to call a witness during the disciplinary hearing, but this is irrelevant. The record shows that Baker had the benefit of a full appeals process, which he repeatedly used. Moreover, his conviction was subsequently overturned, his disciplinary record expunged, and his 60 days of gain time restored. Therefore, if in fact there was a procedural deprivation, the error was cured by the institutional appeals process. *See McKinney*, 20 F.3d at 1557.

Based on a careful review of the record, as well as the parties' respective briefs, we discern no reversible error. Because the district court did not err in dismissing Baker's claim against defendants Snell and Parker or in granting defendant Rexroad's motion for summary judgment, we affirm.

**AFFIRMED.**