**Hillard M. WINN, Appellant**

v.

**DEPARTMENT OF CORRECTIONS; Carroll Danberg, Commissioner of Prisons; Warden Perry Phelps; Ted MacCreanor.**

**No. 09–1653.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6.

Opinion filed: July 28, 2009.

Hillard M. Winn, Smyrna, DE, pro se.

Before: RENDELL, HARDIMAN and NYGAARD, Circuit Judges.

OPINION

PER CURIAM.

Hillard M. Winn, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, appeals from a District Court order dismissing his pro se civil rights action as frivolous. For the reasons that follow, we will summarily affirm.

In September 2006, Winn was convicted in a Delaware state court and sentenced to a 30–year prison term. Since he has been

in prison, Winn has filed a number of pro se actions, including appeals of his conviction in state court and a habeas corpus petition in federal court. He was successful in withdrawing a portion of his guilty plea, and his habeas petition is currently pending in the District Court.

Winn is indigent. The prison in which he is serving his sentence has a policy for the legal mailings of indigent prisoners like Winn. The prison advances the money for postage, keeps track of how much postage it has advanced, and deducts that amount from any funds that the prisoner obtains in the future. It does not provide free postage. Some of the legal mail that Winn sent in connection with his direct appeal and his habeas petition was returned because it did not contain a stamp or a "pay-to" slip.

On December 1, 2008, Winn filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging that the prison's mail policy denied him access to the courts. He also alleged that he had filed a grievance challenging this policy, but that the warden denied the grievance and did not give him the opportunity for an appeal. Winn claims that this was a violation of his equal protection and due process rights.

Before the defendants were served with the complaint, by order entered February 18, 2009, the District Court dismissed Winn's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] The District Court also concluded that amending the complaint would be futile. Winn filed a timely notice of appeal.[2]

I.

■ Prisoners have a fundamental right to access the courts. *Lewis v. Casey,* 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). However, a prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury. *Id.* at 352–53, 116 S.Ct. 2174. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002).

Here, Winn alleged that his legal mail was returned to him because it did not have postage or a "pay-to" stamp. Even construing this claim with the liberality with which we read pro se complaints, *see Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), Winn has not made out an access-to-the-courts claim. In his argument in support of appeal, Winn claimed that the returned mail caused his legal communications to be delayed, and that this delay affected his cases. We note, however, that Winn prevailed in his attempt to withdraw a portion of his guilty plea. In addition, the docket sheet for his habeas corpus petition does not suggest that any of his filings were rejected as untimely; indeed, Winn has filed five letters and three motions in that case. Thus, Winn has not satisfied the actual injury requirement.

---

1. A complaint is subject to dismissal under § 1915(e)(2)(B) "where it lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *see also Roman v. Jeffes,* 904 F.2d 192, 194 (3d Cir.1990). This standard covers both "inarguable legal conclusion[s]" and "fanciful factual allegation[s]." *Neitzke,* 490 U.S. at 325, 109 S.Ct. 1827.

2. We have jurisdiction to hear this appeal. 28 U.S.C. § 1291. We review the District Court's § 1915(e) dismissal without leave to amend for abuse of discretion. *Denton v. Hernandez,* 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). To the extent that the District Court engaged in the choice, application, and interpretation of the law, our review is plenary. *Deutsch v. United States,* 67 F.3d 1080, 1083 (3d Cir.1995).

## II.

 We next consider the argument that the warden violated Winn's equal protection and due process rights by refusing to allow an appeal to the grievance. "[T]he filing of prison grievances is a constitutionally protected activity." *Davis v. Goord*, 320 F.3d 346, 352–53 (2d Cir.2003). However, "[w]hen the claim underlying the administrative grievance process involves a constitutional right, the prisoner's right to petition the government for redress is the right to access the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991). Here, the warden's refusal to allow the appeal would allow Winn to overcome an affirmative defense of exhaustion. *See* 42 U.S.C. § 1997e(a); *Camp v. Brennan*, 219 F.3d 279, 281 (3d Cir.2000) (noting that a prison need only exhaust the administrative remedies "as are available"). However, the denial of an appeal does not in itself give rise to a constitutional claim, as Winn is still free to bring a civil rights claim in District Court, as he did here. *See Flick*, 932 F.2d at 729. The District Court properly dismissed these claims.[3]

## III.

For the foregoing reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the judgment of the District Court.

---

3. We agree with the District Court that any attempt by Winn to amend his claims would have been futile. *See Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir.1997).