CLD-023                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3074
_____

ALEX T. MCKAY,
Appellant

v.

THE UNITED STATES DEPARTMENT OF JUSTICE;
US ATTORNEY GENERAL;
THE FEDERAL BUREAU OF PRISONS;
H. WATT

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-0888)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 28, 2010

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: November 4, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Alex T. McKay, a federal prisoner proceeding pro se, appeals from the District

Court's dismissal of his complaint pursuant to 28 U.S.C. § 1915(e).  For the reasons

stated below, we will summarily affirm.

McKay filed a complaint in the United States District Court for the District of New Jersey alleging that he was entitled to relief under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971), because he had been approved for a pay increase for a prison job but had never received the raise.[1]  The District Court granted McKay's motion to proceed *in forma pauperis* and later dismissed his complaint pursuant to 28 U.S.C. § 1915(e).

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We may summarily affirm if the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

We agree with the District Court's determination that McKay's civil rights claim was without merit.

---

[1] McKay also alleged that non-defendant prison officials verbally harassed him and were unhelpful in his efforts to file a grievance, specifically that they attempted to deny him required forms and called him a "faggot."  If these allegations are accepted as true, they may be relevant to whether McKay satisfied the exhaustion requirement imposed by the Prison Reform Litigation Act, 42 U.S.C. § 1997e(a).  Brown v. Croak, 312 F.3d 109 (3d Cir. 2002).  As the District Court dismissed McKay's complaint under the auspices of § 1915(e), his failure to exhaust available prison remedies was never reached.  We note that if his allegations of harassment and denial of access were properly raised in an amended complaint naming the involved parties, McKay would be unlikely to prevail as there is no constitutional right to a prison grievance system, see Flick v. Alba, 932 F.2d 728 (8th Cir. 1991), and verbal harassment does not rise to the level of a constitutional violation.  See, e.g., McBride v.  Deer, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); DeWalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000).

As the District Court noted, a government official sued in an individual capacity in a civil rights action cannot be held liable under a theory of *respondeat superior*. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); see also Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003) ("a defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable."). McKay failed to allege the personal involvement of any of the named defendants. While he included the United States Department of Justice ("D.O.J.") and the Federal Bureau of Prisons ("B.O.P.") in the caption of his initial complaint, the body of the complaint as well as McKay's subsequent supplemental filing make it clear that he wished to assert claims only against two defendants: Eric M. Holder, Attorney General of the United States, and an Administrative Remedy Coordinator, H. Watts. We agree with the District Court that because McKay does not allege either of these defendants were responsible for determining his salary grade or directly affected his raise, he may not recover against them.

The District Court did not abuse its discretion in dismissing McKay's complaint without providing leave to amend. If McKay had sought to name alternative or additional defendants, his Bivens claim would have still failed on its merits. Prison inmates simply have no constitutionally protected interest in retaining prison employment—let alone in promotions. See James v. Quinlan, 866 F.2d 627, 629-630 (3d Cir. 1989) (holding that prisoners have no liberty interest in their prison jobs).[2] Because

---

[2] The District Court went further, analyzing the viability of McKay's claim under contract principles. While such claims are properly brought in the Court of Federal

any amendment of McKay's complaint would have been futile, the District Court's dismissal without leave to amend was appropriate.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

For the reasons given, McKay's appeal presents no substantial question.  We will therefore summarily affirm the District Court's order dismissing McKay's civil suit.

Claims, see 28 U.S.C. § 1491(a)(1), the District Court correctly noted that because there is no indication that McKay was provided an express promise that the United States would hold itself liable, he cannot prevail on a breach of contract claim for damages. Sanders v. United States, 252 F.3d 1329, 1336 (Fed. Cir. 2001).