GLD-049                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3498
_____

ERIC DICKERSON,
                              Appellant

v.

SCI GRATERFORD; THE DEFENDANTS OF THE COMMONWEALTH; MERCY
SUBERTION HOSPITAL PRISON HEALTH CARE SERVICES; BUREAU OF
HEALTH CARE SERVICES
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 10-cv-07177)
District Judge:  Honorable Mary A. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 23, 2011

Before:  FUENTES, GREENAWAY, JR. and STAPLETON, Circuit Judges

(Opinion filed: December 1, 2011)
_____

OPINION
_____

PER CURIAM

     Appellant, Eric Dickerson, a state prisoner proceeding pro se, appeals from an

order of the United States District Court for the Eastern District of Pennsylvania

dismissing his civil rights action brought pursuant to 42 U.S.C. § 1983. We will

summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P.

10.6.

Dickerson filed a complaint, which he later sought to amend, alleging that he was

not provided with adequate medical care for various ailments, including a hernia, chronic

pain, and hypertension. He also claimed that prison officials ignored grievances

concerning his medical condition. Dickerson named as defendants Prison Health

Services and four of its doctors; Mercy Suburban Hospital and Dr. Christopher Bruce;[1]

SCI-Graterford and the Bureau of Health Care Services; and four supervisory prison

officials who allegedly oversaw the processing of administrative grievances. The

defendants filed motions to dismiss the complaint, Fed. R. Civ. P. 12(b)(6), on the ground

that it failed to state cognizable federal civil rights claims.

The District Court held two telephone conferences "in part to understand better the

complaints by [Dickerson] about his medical treatment." Following those conferences,

the District Court granted the motions to dismiss, agreeing that Dickerson failed to

demonstrate that the defendants who treated his ailments were deliberately indifferent to

any serious medical needs. The District Court also noted that Dickerson had not raised

any factual allegations against Mercy Suburban Hospital and had not alleged that Prison

Health Services was directly involved in the alleged deprivation of his constitutional

---

[1] Initially, Dickerson also named Drs. Dominic Bontempo and Michael Schorr because their names appeared on a report issued by Dr. Bruce. During a telephone conference, however, Dickerson agreed to dismiss Drs. Bontempo and Schorr because they did not engage in any action which caused him harm. Drs. Bontempo and Schorr filed a separate

2

rights. To the extent that Dickerson sought damages against SCI-Graterford, the Bureau of Health Care Services, and the prison officials in their official capacities, the District Court held that they were protected by immunity under the Eleventh Amendment. Furthermore, the District Court concluded that Dickerson had not stated a claim against the four supervisory prison officials in their individual capacities based on an alleged failure to respond to his administrative grievances. Finally, the District Court noted that Dickerson's amended complaint did not cure the pleading deficiencies. Dickerson appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's order granting a motion to dismiss for failure to state a claim is plenary. Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). To survive a motion to dismiss, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). We may summarily affirm if no substantial question is presented by the appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O. P. 10.6.

Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials are required to provide basic medical treatment to inmates. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999). In order to establish a constitutional a violation, a prisoner must show that prison officials were deliberately indifferent to the prisoner's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). A finding

motion to dismiss, which the District Court granted.

of deliberate indifference requires proof of subjective knowledge, not objective knowledge, "meaning that the official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001). We have found deliberate indifference where a prison official: 1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; 2) delays necessary medical treatment for non-medical reasons; or 3) prevents a prisoner from receiving needed or recommended treatment. Rouse, 182 F.3d at 197.

We will assume that Dickerson's symptoms and ailments presented an objectively serious medical condition. Nevertheless, we agree with the District Court that the conduct of the doctors does not amount to deliberate indifference. Dickerson was transferred to SCI-Graterford on July 23, 2009. Over the next several months, Dickerson submitted numerous "sick call slips" and was seen on the "Doctor Line" on several occasions. He did not claim that his requests for medical treatment were ignored. Instead, Dickerson emphasized that the doctors decreased, changed, or discontinued various medications. For instance, he asserted that the doctors "replaced one of Plaintiff's pain treatment med[ications]," discontinued a medication previously prescribed by a cardiologist, and "cut the Plaintiff's seizure and hypertension medication."[2] He also alleged that a doctor told him that "he doesn't care how much

---

[2] Some of Dickerson's complaints have to do with the defendants' decision to treat his pain with "a muscle relaxer" as well as medication used for gout and "nerve problems." We have held, however, that a doctor's choice of one drug over another is generally not actionable. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).

[pain] the Plaintiff is in [and that he] will have to learn to live with" it. At the same time, however, Dickerson acknowledged that the doctors regularly "renew[ed]" his medications, "add[ed] a steroid inhaler . . . to [his] asthma med[ications]," and provided medication for pain "which did help," although it also caused him to "gain weight." Furthermore, according to Dickerson, Dr. Bruce concluded that he did not have a hernia, after initially recommending surgery. Dickerson also claimed that his ""Abdominal Binder" "is of no support whatsoever," although he admitted that a new one had been ordered and that he was waiting for it to arrive.

These allegations, accepted as true, do not support the contention that the doctors knew of and disregarded an excessive risk to Dickerson's health. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Although Dickerson would have preferred a different course of treatment, and complains that he still "suffers from a . . . complex of symptoms," his dissatisfaction does not establish a cause of action. Inmates of Allegheny Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979) (courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." (citations omitted)). Indeed, the doctors' decisions not to prescribe Dickerson's preferred choice of medications does not establish an Eighth Amendment violation. Similarly, Dr. Bruce's determination that Dickerson did not need surgery, even if negligent, does not rise to the level of a constitutional violation. Cf. Johnson v. Doughty, 433 F.3d 1001, 1015 (7th Cir. 2006) (holding that doctor's determination that surgery for a hernia was not necessary did not give rise to an Eighth Amendment violation). Therefore, because Dickerson has not alleged facts from which a

5

court could conclude that the doctors acted with deliberate indifference, the District Court properly dismissed his Eighth Amendment claims. Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). In addition, Dickerson did not allege any facts to demonstrate a policy on the part of Prison Health Services to deny necessary medical care, Natale v. Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003) (holding corporation cannot be held liable for acts of its employees under doctrine of respondeat superior), and he raised no allegations against Mercy Suburban Hospital, other than that he was sent there to be treated by Dr. Bruce.

We further agree with the District Court's conclusion that the Eleventh Amendment affords SCI-Graterford, the Bureau of Health Care Services, and the supervisory prison officials protection from suit in their official capacities. Under the Eleventh Amendment, states and state agencies are immune from suit for monetary damages in federal court. See, e.g., Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993). Because SCI-Graterford and the Bureau of Heath Care Services are part of the executive department of the Commonwealth of Pennsylvania, their employees share in the Commonwealth's Eleventh Amendment immunity to the extent that they were sued in their official capacities. Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 254 (3d Cir. 2010); see also Lavia v. Pa. Dep't of Corr., 224 F.3d 190, 195 (3d Cir. 2000). As we have previously noted, the Commonwealth of Pennsylvania has not waived its rights under the Eleventh Amendment. See Lavia, 224 F.3d at 195; 42 Pa. Cons. Stat. Ann. § 8521(b). In addition, we note that the Eleventh Amendment also prevented the District Court from granting

6

Dickerson's request for prospective injunctive relief against SCI-Graterford and the Bureau of Health Care Services.[3]  See Puerto Rico Aqueduct, 506 U.S. at 146.  With regard to the supervisory prison officials who were sued in their individual capacities, the District Court correctly concluded that Dickerson failed to state a claim for relief under a respondeat superior theory.  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding that a "defendant in a civil rights action must have a personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").  To the extent that those prison officials had some direct involvement with Dickerson's grievances, he cannot maintain a claim inasmuch as a prisoner has no constitutional right to a grievance procedure.  See Flick v. Alba, 932 F. 2d 728, 729 (8th Cir. 1991) (per curiam).

For the foregoing reasons, we conclude that no substantial question is presented by this appeal.  See I.O.P. 10.6.  Accordingly, we will summarily affirm the District Court's judgment.  Dickerson's letter motion asking for an extension of time to file a summary action response is granted, and we have considered his response in reaching our decision.

---

[3] Although the Eleventh Amendment would not bar a claim for prospective injunctive relief brought against the supervisory prison officials in their official capacities, Iles v. de Jongh, 638 F.3d 169, 177 (3d Cir. 2011), Dickerson raised no such request for relief. Rather, the only injunctive relief Dickerson requested was against the doctors, seeking that they reinstate his "previous pain treatment."