BLD-034                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3010
_____

DANIEL WESLEY,
                    Appellant

v.

DAVID A. VARAND, Superintendent of SCI Coal Township;
ROBERT MCMILLIAN, Deputy Superintendent of Facility Management;
RHONDA M. ELLETT, Deputy Superintendent of Centralized Services;
ANTOINETTE M. SHEDLESKI, Food Service Manager;
JOHN DOE, Food Service Steward;
KATHY MCCARTHY, Health Care Administrator;
EDWARD A. SCHETOMA, Dental Medical Doctor;
KANDIS K. DASCANIS, Superintendent's Assistant;
FACILITY GRIEVANCE COORDINATOR,
sued in their official and individual capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-12-cv-01131)
District Judge:  Honorable John E. Jones III
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 8, 2012
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges

(Opinion filed: November 28, 2012)
_____

OPINION
_____

PER CURIAM

Daniel Wesley, a prisoner proceeding pro se and in forma pauperis, appeals the dismissal of his civil rights complaint by the United States District Court for the Middle District of Pennsylvania for failure to state a claim upon which relief can be granted, as well as the subsequent denial of his motion for reconsideration. We will summarily affirm.

I.

Wesley brought a civil rights action, 42 U.S.C. § 1983, against numerous correctional officials, including several superintendents and food and health administrators at the State Correctional Institution Coal Township ("SCI Coal Township"), where Wesley is presently incarcerated. Wesley alleged that the Defendants were deliberately indifferent to his safety and placed him at risk of serious harm by carrying out a conspiracy to serve a discharged bullet in his food during dinner on May 31, 2011. He further alleged that biting on the bullet caused chunks of his teeth to fall out, and claimed that a dental professional in the prison repaired the damage to his teeth resulting from this incident. Wesley sought compensatory and punitive damages, along with injunctive relief in the form of a special diet for the duration of his confinement.

The District Court dismissed Wesley's complaint for "fail[ure] to state a claim on which relief may be granted" in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii). Wesley timely filed a notice of appeal. The following day he filed a timely motion for

reconsideration with a supporting brief. The District Court denied Wesley's motion for reconsideration. Wesley then timely filed an amended notice of appeal.

Wesley moved to proceed in forma pauperis. The Clerk granted the request. Accordingly, we now consider the possibilities of dismissing Wesley's appeal pursuant to 28 U.S.C. § 1915(e)(2) or taking summary action. 3d Cir. LAR 27.4; I.O.P. 10.6.[1] Under our rule, we may take summary action on an appeal that presents "no substantial question." Id.

## II.

We have jurisdiction over both the appeal of the order dismissing the complaint and the order denying Wesley's motion for reconsideration pursuant to 28 U.S.C. § 1291. Our review of a district court's *sua sponte* dismissal for failure to state a claim is plenary. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We must accept as true all of the factual allegations contained in the complaint and draw reasonable inferences in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). We review a denial of the motion for reconsideration for abuse of discretion. Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). A motion for reconsideration is a limited vehicle used "to correct manifest errors of law or fact or to present newly discovered evidence." Max's

---

[1] Wesley was afforded twenty-one days to submit argument in support of his appeal. He has not responded.

Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).

## III.

We will summarily affirm the order of the District Court dismissing Wesley's complaint for failure to state a claim upon which relief may be granted. To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Notably, in order to state a viable claim, a plaintiff must allege personal participation by the defendants in the alleged wrongdoing. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). A corollary to this is that a supervisor may not be held vicariously liable for the wrongs of his subordinate. To state a viable claim against a supervisor a plaintiff must make "allegations of personal direction or of actual knowledge and acquiescence" in the wrongdoing. See Evancho v. Fisher, 423 F.3d 347, 353-54 (3d Cir. 2005) (quoting Rode, 845 F.2d at 1207).[2]

---

[2] As the District Court correctly pointed out, most of the Defendants merely reviewed Wesley's grievances within the prison system, and were not actually involved in the incident. To the extent, if any, that Wesley intended to make a separate claim based on the handling of his grievance, we are not persuaded. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that inmates do not have a constitutionally protected right to the prison grievance process); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). We observe that Wesley's grievance was in fact addressed, albeit not to his liking.

4

Wesley alleged in his complaint that there was an overarching conspiracy among the Defendants against him.  He stated that the Defendants "carri[ied] out a conspiracy to place a discharged bullet in [his] food" and that "food service personnel[] watched [him] eat his food with a discharged bullet in it without interfe[]ring to correct the matter."  Comp. 3-4, June 15, 2012, ECF No. 1.  However, he did not point to any facts that indicate the named Defendants were ever together, or were ever allied against him in particular.  Wesley simply does not paint a *plausible* picture of a wide-ranging conspiracy by the named Defendants.  See Iqbal, 556 U.S. at 678.

After setting aside the allegations of a conspiracy that is implausible on its face, we are left with the one-time adulteration of Wesley's food, which he believes constitutes "cruel and unusual punishment."  Comp. 3, 8, ECF No. 1.  He is mistaken.  "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause."  Whitley v. Albers, 475 U.S. 312, 319 (1986).  "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "[A]n accident or inadvertence or mere negligence does not [in itself] trigger the Eighth Amendment."  Grabowski v. Jackson Cnty. Pub. Defenders Office, 47 F.3d 1386, 1395 n.12 (5th Cir. 1995) (citing Estelle v. Gamble, 429

5

U.S. 97, 105–06 (1976)).  Wesley's complaint did not plausibly allege anything more than simple negligence, if that.[3]

Wesley claimed that there was improper training and supervision of the food service personnel, but he did not point to any facts suggesting the Defendants were aware of and disregarded an excessive or substantial risk of harm to him.  Perhaps Wesley was suggesting that the supervisors he named should be held liable for the unusual one-time event he described.  However, as we noted above "liability cannot be predicated solely on the operation of *respondeat superior*," Rode, 845 F.2d at 1207 (citations omitted) and a constitutional violation cannot be predicated on negligence.  Whitley v. Albers, 475 U.S. 312, 319 (1986).  Wesley's factual allegations simply do not rise to the standard required to sustain an Eighth Amendment claim.  See Wilson v. Seiter, 501 U.S. 294, 297 (1991).

Lastly, we note that Wesley included the prison dentist, Edward A. Schetoma in his list of defendants.  It is difficult to understand which claims Wesley attributes to Schetoma specifically.  Wesley did not allege that Dr. Schetoma exhibited deliberate indifference in treating his dental problem, whatever its nature or source.  See White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (quoting Estelle, 429 U.S. at 103, 106).  It appears Wesley's claim is simply that Dr. Schetoma could not verify that his dental

_____

[3] David Varano, the superintendent of SCI Coal Township, explained the incident complained of was an unfortunate and isolated event, likely caused by a mistake during the canning process and not due to negligence on the part of prison food management. Comp. Ex. 24, ECF No. 1.

problem was caused by a bullet. See Comp. 5, ECF No. 1; Br. Sup. Mot. Rec. ¶ 9, ECF No. 17. But that does not state a viable claim. See Whitley, 475 U.S. at 319. Moreover, we reiterate that Wesley did not "plead[] factual content that allows the court to draw a reasonable inference that" Schetoma participated in a conspiracy against him. See Iqbal, 556 U.S. at 678.

In light of the above, we conclude that the District Court properly dismissed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B)(ii). The complaint simply did not allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. We further agree with the District Court that granting Wesley leave to amend was not necessary under the circumstances. See Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

IV.

Finally, we perceive no error in the District Court order denying Wesley's motion for reconsideration. The District Court may amend a judgment if the moving party shows that there was either an intervening change in the law; newly discovered evidence is available for consideration; or a clear error of law must be corrected to prevent manifest injustice. Max's Seafood Café, 176 F.3d 669, 677 (3d Cir. 1999). Wesley did not identify any of these factors in his motion. Thus, the District Court did not abuse its discretion in denying his motion for reconsideration.

V.

For the foregoing reasons, we will summarily affirm the judgment of the District Court. Murray v. Bledsoe, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); see also 3d Cir. L.A.R. 27.4; I.O.P. 10.6.