**Norman Z. FLICK, Appellant,**

v.

**Julie W. ALBA and Peter M. Carlson, Appellees.**

**No. 90–5564.**

United States Court of Appeals, Eighth Circuit.

Submitted April 29, 1991.

Decided May 6, 1991.

Norman Z. Flick, pro se.

Mary Jo Madigan, Minneapolis, Minn., for appellees.

Before ARNOLD, WOLLMAN, and BEAM, Circuit Judges.

PER CURIAM.

Norman Z. Flick, an inmate at the Federal Medical Center (FMC) in Rochester, Minnesota, appeals the district court's [1] order granting defendant prison officials' motion for summary judgment. We affirm.

Flick filed his *Bivens*-type complaint against the case manager coordinator and the warden of FMC seeking injunctive relief and damages for their denial of his right of access to the prison's administrative remedy procedure. We conclude that the federal regulations providing for an administrative remedy procedure do not in and of themselves create a liberty interest in access to that procedure. When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance. *See Azeez v. DeRobertis*, 568 F.Supp. 8, 10 (N.D.Ill.1982) (although state prison grievance procedures "may be evidence of a parent substantive right, they do not in

themselves trigger a protected liberty interest").[2]

Accordingly, we affirm.

---

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

2. We note that, in any event, in this case denial of Flick's administrative complaint was in accordance with established procedure.