[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------------

No. 05-11000
Non-Argument Calendar

----------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 21, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 04-03566-CV-WBH-1

CHARLES C. DUNN, JR. ,

Plaintiff-Appellant,

versus

MICHELLE MARTIN,
Warden of Phillips State Prison,
BRUCE LEE,
Warden of care and treatment of Phillips State Prison,
CYNTHIA MURRY,
Medical Director (NP) of Phillips State Prison,
DOCTOR NAYMAN,
Optometrist of Phillips State Prison,
STEVE MOORMAN,
Physician Assistant (PA) of Phillips State Prison,

Defendants-Appellees.

----------------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Georgia
----------------------------------------------------------------

**(April 21, 2006)**

Before EDMONDSON, Chief Judge, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Charles C. Dunn, Jr., a Georgia prisoner proceeding pro se, appeals the district court's sua sponte dismissal for frivolity, under 28 U.S.C. § 1915A, of Dunn's 42 U.S.C. § 1983 civil rights complaint. No reversible error has been shown; we affirm.[*]

Dunn argues that the district court erred by dismissing his complaint as frivolous. He contends that he presented a viable claim that Defendants (the prison warden and prison medical staff) exhibited deliberate indifference to his serious medical needs by refusing to provide him with adequate medical care for his pinguecula, a yellowish accumulation of connective tissue that thickens the conjunctiva (the mucous membrane on the anterior surface of the eyeball). See Stedman's Medical Dictionary 1368 (26th ed. 1995). In his complaint, Dunn claimed that Defendants should have provided laser eye surgery, sunglasses, and lubricated eye drops.

---

[*]We review de novo a district court's determination, made during § 1915A frivolity review, that an inmate failed to state a claim against a defendant; we accept as true the allegations in the complaint. See Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001) (per curiam).

2

A prisoner may recover in a § 1983 action by showing that the prison medical officials exhibited deliberate indifference to his serious medical needs. Estelle v. Gamble, 97 S.Ct. 285, 291 (1976). To be liable, the officials both must know of and then disregard an excessive risk to the prisoner. McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). Mere negligence in diagnosing or treating a medical condition, or even medical malpractice, does not state an Eighth Amendment claim of medical mistreatment. Estelle, 97 S.Ct. at 292. Whether prison officials should have employed additional diagnostic techniques or care is an example of medical judgment and not an appropriate basis for § 1983 liability. Adams v. Poag, 61 F.3d 1537, 1545 (11th Cir. 1995).

We agree with the district court that Dunn failed to state a claim for § 1983 relief. The record shows that Dunn was examined by the prison optometrist, Dr. Nayman, who prescribed artificial tears as part of the standard course of treatment and who noted that the Dunn's pinguecula had not advanced since the last examination. Dunn only has alleged his dissatisfaction with the kind of medical treatment he received from Dr. Nayman: he has not stated a claim that Defendants were deliberately indifferent to his needs.

Dunn next suggests that the district court improperly took judicial notice of an article about pinguecula from an online medical encyclopedia. He contends

3

that this article was at odds with Dr. Nayman's opinion and that the article stated that its information should not be used for diagnosis or treatment.

Our review of the district court's order and the article shows that the district court's analysis did not rely on the facts presented in the article: at most, the district court used the article as background for Dunn's condition. We discern no error in the district court's taking notice of the online article at the dismissal stage of this case. See Neitzke v. Williams, 109 S.Ct. 1827, (1989) (stating that, in making frivolity determination, district courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"). And we do not read the article--which states that, to prevent pinguecula, "good quality sunglasses" may help--as showing that Dr. Nayman was deliberately indifferent when he opined that Dunn does not need tinted lenses. Dunn's reliance on the article shows only his disagreement with the diagnosis he received. See Adams, 61 F.3d at 1545.

Dunn also argues that he has a constitutional right to access the prison grievance system to exhaust his administrative remedies. He maintains that Defendants have failed to responded to his letters and grievance and that they did not follow their own rules on responding to grievances. We agree with other circuits that have decided that a prisoner does not have a constitutionally-protected

4

liberty interest in an inmate grievance procedure. <u>See</u>, <u>e.g.</u>, <u>Adams v. Rice</u>, 40 F.3d 72, 75 (4th Cir. 1994) (stating that Constitution creates no entitlement to voluntarily established grievance procedure); <u>Flick v. Alba</u>, 932 F.2d 728, 729 (8th Cir. 1991) (same). And regardless, although the record does not show that Defendants filed a written response to Dunn's grievance, Defendants did respond to Dunn's requests for medical care, as evidenced by his doctor visit, which occurred several days after Dunn filed his grievance.

In sum, the district court committed no error in dismissing Dunn's complaint as frivolous.

AFFIRMED.