

Villanova University School of Law

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-3-2009

# Johnson v. Rush

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4243

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Johnson v. Rush" (2009). *2009 Decisions.* Paper 1940.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1940

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4243
_____

MEL JOHNSON,
                    Appellant

v.

JOSEPH RUSH, P.A.;
MARVA CERULLO, CHCA;
SHARON BURKS, Chief Grievance Officer

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 06-cv-00627)
District Judge:  Honorable Yvette Kane

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 28, 2009

Before: RENDELL, FUENTES and NYGAARD, Circuit Judges

(Filed: February 3, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

       Mel Johnson, a pro se prisoner currently incarcerated at SCI-Mahanoy in

Frackville, Pennsylvania, appeals from an order of the United States District Court for the

Middle District of Pennsylvania, dismissing his complaint under 42 U.S.C. § 1983 against Joseph Rush, a physician's assistant ("P.A.") at the prison, Maria J. Cerullo, Rush's supervisor, and Sharon M. Burks, the grievance officer.

Johnson alleges that defendants subjected him to cruel and unusual punishment when Rush allegedly performed a painful rectal examination on Johnson, and Burks denied Johnson's grievance in which he alleged sexual abuse by Rush. In particular, Johnson alleges that he attended sick-call on April 25, 2005, to receive follow-up treatment for hemorrhoids. Defendant Rush was the P.A. on duty that day. Rush asked Johnson what ailed him, and Johnson explained his condition. Rush then "insisted" on performing a rectal exam, allegedly using substantial force. The complaint alleges that Johnson asked Rush why he was hurting him, and Rush smirked. Johnson alleges that he felt paralyzed for about a minute. After Johnson filed a grievance against Rush, Rush allegedly retaliated against Johnson by manipulating the schedule so that he would be the only P.A. on duty whenever Johnson signed up for sick-call.[1] Johnson attempted to see medical personnel on two occasions while his grievance against Rush was pending. On both occasions, Rush was the P.A. on duty, and Johnson refused to see him. Rush instructed Johnson to leave the sick-call area. Cerullo, Rush's supervisor, did nothing when informed of Rush's allegedly improper conduct, and Burks denied Rush's grievance

---

[1]These allegations are contained in Johnson's prison grievances, which were attached to Johnson's complaint. Pursuant to Fed. R. Civ. P. 10(c), allegations contained in documents attached to his complaint are part of the complaint.

relating to the incident. The District Court dismissed Cerullo and Burks pursuant to 28 U.S.C. § 1915(e)(2)(B), but permitted the case to proceed against Rush. Rush subsequently filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), and the District Court granted the motion. The District Court neither granted leave to amend nor explained why amendment would be futile. Johnson appealed.

We have jurisdiction under 28 U.S.C. § 1291. The District Court properly dismissed Cerullo and Burks. Section 1983 does not permit *respondeat superior* liability, and each defendant must be personally involved in the constitutional violations alleged. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Accordingly, defendant Cerullo cannot be held liable merely as Rush's supervisor. Burks was also properly dismissed. An inmate has no constitutional right to a grievance procedure, and Burks' act of denying Johnson's grievance as untimely did not infringe Johnson's right to petition the government for redress. See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991).

We disagree, however, with the District Court's dismissal of Johnson's claim against Rush without leave to amend. Johnson alleges that Rush applied significant force in performing a rectal exam, and that Johnson had a smirk on his face after Johnson complained of the pain. Johnson's fear of encountering Rush at sick-call deterred him from seeking further treatment, thus allegedly leading to a denial of medical care. The Eighth Amendment proscribes the "unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976). To plead a violation of the Eighth Amendment, a

prisoner must allege that prison officials acted with deliberate indifference to a "substantial risk of serious harm to an inmate." Farmer v. Brennan, 511 U.S. 825, 828 (1994). To be liable, prison officials must know of and disregard an excessive risk to the inmate's health or safety. Id. at 837.

Before dismissing a prisoner's civil rights action for failure to state a claim, the District Court must grant the prisoner leave to amend, or explain why amendment would be futile. See Phillips v. Allegheny County, 515 F.3d 224, 245-46 (3d Cir. 2008). The District Court concluded that Johnson had no basis for disputing the propriety of the exam in light of his condition, and that, therefore, he was neither denied adequate medical care nor subjected to an improper medical exam. However, the District Court overlooked the possibility of a prison medical official administering an appropriate exam in an inappropriate manner. Construing the complaint liberally, Johnson alleges that Rush – wearing a smirk – knowingly inflicted pain on him during a medical exam, and in essence, committed an act of sexual abuse. Johnson might have amended his complaint to plead additional facts regarding Rush's intent, such as their prior dealings. Therefore, we conclude that the District Court erred in failing to advise Johnson of his right to amend his complaint because amendment was not necessarily futile. Phillips, 515 F.3d at

246.[2] [3]

For the foregoing reasons, we will affirm the District Court's dismissal of Johnson's claims against Cerullo and Burks, vacate the dismissal of Johnson's Eighth Amendment claim against Rush, and remand for further proceedings consistent with this opinion.

---

[2]Neither Rush nor the District Court addressed Johnson's allegations that Rush retaliated against him for filing a grievance regarding the rectal exam. However, we do not reach the issue of whether Johnson's complaint states a claim for retaliation because Johnson failed to raise this issue on appeal.

[3]Judge Fuentes would conclude that any further amendment to the complaint in this case would prove futile and that, therefore, the District Court did not abuse its discretion in dismissing the complaint.