

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2009

# Clay Caldwell v. Jeffrey Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3286

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Clay Caldwell v. Jeffrey Beard" (2009). *2009 Decisions.* Paper 1475.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1475

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-140                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3286
_____

CLAY CALDWELL,
                                                    Appellant

v.

JEFFREY A. BEARD, Secretary of Corrections;
LOUIS FOLINO, Superintendent, SCI Greene;
WALLACE DITTSWORTH, Food Service Manager, SCI Greene;
MARK DICARLO, Asst. Food Service Manager, SCI Greene;
LINDA VARNER, R.H, IT Medical Director, SCI Greene

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 07-cv-00727)
District Judge:  Honorable Terrence F. McVerry

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 19, 2009

Before:  McKEE, FISHER and CHAGARES, Circuit Judges

(Filed: April 27, 2009)
_____

OPINION
_____

PER CURIAM

Clay Caldwell appeals from an order of the United States District Court for the Western District of Pennsylvania granting Defendants' motion to dismiss Caldwell's complaint for failure to state a claim. For the reasons set forth below, we will summarily affirm. See I.O.P. 10.6.

On May 29, 2007, Caldwell, a prisoner proceeding pro se, filed an action against Jeffrey A. Beard, Secretary of The Department of Corrections ("DOC"); Louis Folino, Superintendent, SCI-Greene; Wallace Dittsworth, Food Service Manager, SCI-Greene; Mark Dicarlo, Asst. Food Service Manager, SCI-Greene; and Linda Varner, R.H, IT Medical Director, SCI-Greene. In his complaint, Caldwell alleged violations of his First, Fifth, Eighth and Fourteenth Amendment rights in connection with an injury he suffered while working in the Food Services Department at SCI-Greene. Caldwell claimed that on January 15, 2007, while filling plastic cups with soap and water in order to clean his assigned kitchen area, he was scalded by extremely hot water. As a result, he was taken to the medical department where he was treated for a small burn on his hand. In his complaint, Caldwell alleged that the Food Services Department raised the water temperature prior to his cleaning the kitchen in order to prepare for an upcoming state inspection.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of the District Court's dismissal for failure to state a claim is plenary. Port Auth. of N.Y. &

2

N.J. v. Arcadian Corp., 189 F.3d 305, 311 (3d Cir. 1999). When considering a district court's grant of a motion to dismiss under Rule 12(b)(6), we "accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

III.

A. Eighth Amendment Claim

The District Court properly dismissed Caldwell's Eighth Amendment claim as the allegations against Defendants amounted to, at most, a claim for negligence. In order to establish a cognizable Eighth Amendment claim, a prisoner is required to allege "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

Caldwell claimed that Defendants violated his Eighth Amendment rights by raising the temperature of the water in the prison kitchen which resulted in injury to his hand. In his opposition to Defendants' motion to dismiss, Caldwell specifically stated that "[a] prisoner may be able to recover damages for prisoner personnel's *negligence* through tort actions. Prison officials and personnel have a tort law duty to provide safe living and working conditions for prisoners." Plaintiff's Opposition at 1 (emphasis added).

A prison official violates the Eighth Amendment when the official is deliberately indifferent to inmate health or safety and when this act or omission results in the denial of "the minimal civilized measure of life's necessities." See Farmer v. Brennan, 511 U.S.

3

825, 834 (1994). Therefore, a prison official can be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 847. Claims of negligence, without a more culpable state of mind, do not constitute "deliberate indifference." See Singletary v. Pa. Dept. of Corr., 266 F.3d 186, 193 n.2 (3d Cir. 2001). Although increased water temperature in the prison's kitchen may pose a risk, Caldwell's allegations do not reflect the deliberate indifference required to impose liability under the Eighth Amendment.[1] Because we agree with the District Court that Caldwell's claim amounts merely to negligence, his allegations are not actionable under section 1983.

B.      Fourteenth Amendment Claim

Caldwell also asserted a claim against Defendant Varner for alleged improper disclosure of his confidential medical information in violation of Caldwell's Fourteenth Amendment substantive due process rights. Specifically, Caldwell claimed that

---

[1]The District Court's alternative ground for dismissal of Caldwell's Eighth Amendment claims against Defendants Folino and Beard was also proper. In a section 1983 case, a defendant must have been personally involved in the alleged wrongdoings. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Caldwell does not allege that Defendants Folino and Beard were personally involved in the incident which brought about his injury. Thus, the Eighth Amendment claims against them were properly dismissed on that alternative ground. We address below the roles of Defendants Beard and Folino in the grievance process.

Defendant Varner improperly shared his medical records with the DOC official in charge of investigating and responding to Caldwell's administrative grievance.

We agree with the District Court that Caldwell waived his right to confidentiality when he initiated his grievance with the DOC. In his grievance, Caldwell complained about the extensiveness of the injury to his hand as well as the number of times that he sought medical treatment following the incident.

While a prisoner does not shed all fundamental protections of the Constitution at the prison gates, inmates retain only those rights that are not inconsistent with their status as prisoners or with the legitimate penological objectives of the corrections institution. See Doe v. Delie, 257 F.3d 309, 315 (3d Cir. 2001). In Doe, we explicitly held that a prisoner has a constitutional right to privacy in his medical information. Id. at 316.

However, he placed his medical condition at issue by filing a grievance alleging that he had been severely injured. Disclosure of Caldwell's medical records by Defendant Varner to the grievance officer responsible for responding to Caldwell's claim was reasonably related to the legitimate penological interest of adjudicating the grievance and assessing the severity of Caldwell's alleged injury. Therefore, the District Court properly dismissed Caldwell's Fourteenth Amendment claim against Defendant Varner.[2]

---

[2]To the extent that Caldwell claims that his equal protection rights were violated under the Fourteenth Amendment, he has not alleged any facts suggesting that he was treated differently from similarly situated inmates – as is required to sustain such a claim. See Wilson v. Schillinger, 761 F.2d 921, 930 (3d Cir. 1985).

## C. First and Fifth Amendment Claims

Although Caldwell also alleged that Defendants violated his First and Fifth Amendment rights, he offered very few facts in his complaint supporting those claims. The District Court interpreted Caldwell's First Amendment claim as one arguing that his rights had been violated when the DOC denied his administrative grievance. In doing so, the DOC denied his right to petition the government in violation of the First Amendment. The District Court correctly noted that an inmate has no constitutional right to a grievance procedure. See Flick v. Alba, 932 F. 2d 728, 729 (8th Cir. 1991). Thus, we agree that the DOC's act of denying Caldwell's grievance did not infringe upon his constitutional right to petition the government for redress.

The District Court also correctly determined that Caldwell did not raise a cognizable Fifth Amendment claim. The claim appears to be based upon the DOC's alleged denial of due process during the administrative grievance process. As the District Court correctly noted, the due process clause under the Fifth Amendment only protects against federal governmental action and does not limit the actions of state officials. See Riley v. Camp, 130 F.3d 958, 972 n.19 (11th Cir. 1997).

The District Court's decision to deny Caldwell leave to amend his complaint was also proper. Granting a plaintiff leave to amend is not necessary where amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002). Based on the above discussion of Caldwell's claims, we are satisfied that it would have

6

been an exercise in futility for the District Court to have permitted Caldwell to amend his complaint.

For the foregoing reasons, we conclude that the District Court properly granted Defendants' motion to dismiss. As there is no substantial question presented by this appeal, we will summarily affirm. <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.