Frank RIVERA, Appellant

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; Jeffrey A. Beard, Secretary of Corr.; Louis S. Folino, Superintendent; Cindy G. Watson, Chief Grievance Officer; Timothy I. Mark, Deputy Chief Counsel; Dan Davis, Superintendent Assist.; Joseph DuPont, Hearing Examiner; Sgt. Conner, Officer; Officer Pahler; Officer Eagle; Officer Gifford; Officer Tiberi; John Doe # 2, Officer; John McAnay, RNS; Michell Lukas, Physician Assist.; Michael Hice, Clinic Contractor; Kelly Getty, Nurse; Jane Doe, Nurse; Program Review Committee.

No. 09–2802.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and IOP 10.6 Sept. 17, 2009.

Opinion filed: Sept. 25, 2009.

Frank Rivera, Waynesburg, PA, pro se.

Kemal A. Mericli, Esq., Tracey A. Wilson, Esq., Office of Attorney General of Pennsylvania, Pittsburgh, PA, for Defendants–Appellees.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

OPINION

PER CURIAM.

Frank Rivera, an inmate at the State Correctional Institution at Greene, Penn-

sylvania, appeals the order of the District Court denying his motion for a preliminary injunction. Because the appeal does not present a substantial question, we will summarily affirm. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

Rivera filed a civil rights complaint alleging that prison officials denied him adequate medical treatment for a skin fungus and a digestive condition. Rivera sought to enjoin the Department of Corrections from enforcing the "Resolution of Problems Policy." According to Rivera, this policy, which apparently involves the institution's grievance procedure, authorizes and encourages prison officials to violate his constitutional rights.[1] Specifically, Rivera complained that prison officials violated the Eighth Amendment by denying him adequate medical care and the First Amendment by retaliating against him for filing prison grievances. Rivera also asserts that he was assaulted by guards during a December 22, 2008 incident and denied mail service, a pair of boots during winter and an outdoor exercise period. The Magistrate Judge issued a Report recommending that the motion for preliminary injunction be denied for Rivera's failure to show a likelihood of success on the merits of his claims or irreparable harm. The District Court, over Rivera's objections, adopted the Report and Recommendation and denied the motion. Rivera filed a timely notice of appeal from that order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1292(a)(1), and "review the denial of a preliminary injunction for an abuse of discretion, an error of law, or a clear mistake in the consideration of proof." *Kos Pharms., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir.2004) (internal quotations omitted).

To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Id.* Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm." *Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 91 (3d Cir.1992) (internal quotations omitted).

█ The District Court properly denied Rivera's motion based on his failure to show irreparable harm or a likelihood of success on the merits. Rivera asserts that prison officials withheld his medicine for his upset stomach and his skin condition. The grievance records Rivera submitted in support of his claim show that he received the appropriate dosages of prescribed medications and that his grievances were found to be meritless. Moreover, Rivera has not demonstrated that either of his illnesses is the type of serious medical condition which places him in danger of immediate harm. Rivera has also not shown that he would likely be successful on the merits of his retaliation claims or that the type of harm he would suffer would qualify him for a preliminary injunction. Nor has he shown that any of his other complaints, including the assault by the prison guards, could not be remedied following a final determination on the merits of his claims in the District Court. *See*

---

1. Apparently, the policy excludes the following from being reported as abuse: 1) conditions of confinement; 2) claims of inadequate or intentionally denied medical care; 3) harassment or non-performance of duty by staff members. (Memorandum of Law in Support of a Preliminary Injunction at 2.)

*Prairie Band of Potawatomi Indians v. Pierce,* 253 F.3d 1234, 1250 (10th Cir.2001).

 Finally, Rivera cannot demonstrated that the prison's grievance procedure is inadequate or unconstitutional inasmuch as a prisoner has no constitutional right to a grievance procedure. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991) (per curiam). In any case, the only evidence Rivera provided regarding the unconstitutionality of the prison's procedures is the denial of his numerous grievances. Accordingly, Rivera has not established the elements necessary for the issuance of a preliminary injunction on this ground.

For the foregoing reasons, we will summarily affirm the order of the District Court. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Rivera's motion to exceed the five-page limit in his memorandum of law is granted, and we have considered his memorandum in reaching our decision.