MEMORANDUM **
Plaintiff-Appellant Shannon Riley, a California inmate, appeals from the district *506 court’s summary judgment in his 42 U.S.C. § 1983 action alleging Defendants-Appel-lees S. Roach and E. Morris retaliated against him for filing a prison grievance. In addition, Riley appeals the district court’s dismissal of his § 1983 action against Defendants-Appellees Medina, Nickerson, and Smith (“Appeals Coordinators”) for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(l). Riley alleged the Appeals Coordinators failed to properly process grievances he filed against Officer Morris. We review de novo. See Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir.2012) (dismissal); Brodheim v. Cry, 584 F.3d 1262, 1267 (9th Cir.2009) (summary judgment). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]
A. Retaliation Claims

1. Officer Roach

The district court correctly held that Riley did not raise a genuine issue of material fact as to whether a retaliatory animus was the but-for cause of Roach’s actions. To establish the element of causation at summary judgment, Riley “must show that his protected conduct was the ‘substantial’ or ‘motivating’ factor behind the defendant’s conduct.” Brodheim, 584 F.3d at 1271 (quoting Soranno’s Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.1989)) (internal quotation marks omitted). The burden then shifts to Officer Roach to show “by a preponderance of the evidence that [he] would have” taken the same action “even in the absence of the protected conduct.” Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); see also Soranno’s Gasco, 874 F.2d at 1314.
Riley alleged that Officer Roach told him he was not releasing Riley from his cell for his work assignment as prison barber because he did not “like inmate paper pusher[s]” who “file against one of [his] buddies,” referring to another correctional officer. Thus, Riley met his burden of putting forth evidence of a retaliatory motive. Officer Roach declared that on July 8 and 9, 2009, he was unaware that Riley had filed grievances against other correctional officers and a reason he may not have released Riley was that no inmates needed haircuts on those days. There was also evidence showing that Officer Roach had just started working in the building in which Riley was housed and that the prison’s formal procedure did not provide for inmates to be released to compile lists of inmates needing haircuts. Riley conceded that he did not provide Officer Roach with a list of inmates needing haircuts and he failed to produce any evidence showing that Officer Roach was aware that a different practice was being utilized in that building. Thus, Officer Roach met his burden of showing by a preponderance that he would have taken the same action absent a retaliatory motive.
Moreover, we have “made clear that the prisoner plaintiff ‘bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.’ ” Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.2003) (quoting Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995)). The record supports the district court’s conclusion that Riley failed to show the absence of legitimate correctional goals. Officer Roach’s declaration points to prison regulations that tightly restrict *507 inmate movements to and from work assignments and notes that permitting inmates to wander around prison facilities would jeopardize safety and security.
Riley also failed to show that Officer Roach’s issuance of the Rules Violation Reports (“RVR”) did not further legitimate correctional goals. Riley admitted to the conduct alleged in the December 2009 RVR, and was “convicted” of the offense charged and the conviction was upheld at two levels of review. As to the March 2010 RVR, Riley offered only a categorical denial of Officer Roach’s charge and did not offer any contrary facts.

2. Officer Morris

The district court correctly found that Riley failed to show that Officer Morris allegedly falsified his time sheet to in an effort to conceal Officer Roach’s retaliatory conduct. Riley concedes that Officer Morris did not sign Riley’s time sheet for July 8 and 9, 2009, but argues that Officer Morris’s alleged falsification spanned several months. However, Riley failed to establish causation or that Officer Morris’s actions did not reasonably further legitimate correctional purposes. Officer Morris presented evidence that he was following prison procedures that mandate only one barber at a time can work in the designated area and that he credited barbers’ time sheets, under what he thought was standard practice, for time that they were unable to work due to this rule.
B. Dismissal of Claims Against the Appeals Coordinators
The district court correctly dismissed Riley’s claims against the Appeals Coordinators for failure to state a claim because inmates do not possess a constitutional right to a prison grievance system. See Mann v. Adams, 855 F.2d 689, 640 (9th Cir.1988). Further, “when the claim underlying the administrative grievance involves a constitutional right, the prisoner’s right to petition the government for redress is the right of access to the courts, which is not compromised by the prison’s refusal to entertain his grievance.” Flick v. Alba, 932 F.2d 728, 729 (8th Cir.1991). Even if Riley had a cognizable right to a grievance system, the record shows that several of Riley’s appeals were accepted, investigated, and reviewed through multiple administrative levels.
AFFIRMED.

 This disposition is not appropriate for publi *506 cation and is not precedent except as provided by 9th Cir. R. 36-3.

. Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.