NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————

No. 14-1543

—————————

WILLIAM BASEMORE,
                                        Appellant

v.

IRMA VIHLIDAL, Correctional Health Care Administrator; LOUIS FOLINO, Facility
Manager, SCI-Greene; BYUNGHAK JIN, Medical Director - SCI Greene; DR. PARKS,
Physician, SCI-Greene; DR. BALK, Physician, SCI-Greene; DENISE HILBERTING,
Registered Nurse, SCI-Greene; JOHN MCANANY, Registered Nurse Supervisor, SCI-
Greene; NEDRA RICE-GREGO, Registered Nurse Supervisor, SCI-Greene; JOHN
WETZEL, Commissioner, D.O.C.; PAUL PALYA, Unit Manager, SCI-Greene; MARIA
BALESTERIER, Inmate Counselor, SCI-Greene; T. MCNAIR, Acting Major/Unit
Manager, SCI-Greene; LEON MOORE, PHS Administrator (Corizam), SCI-Greene;
DORINA VARNER, Chief Grievance Officer, D.O.C. -AND- other employees and
officers of the Commonwealth of Pennsylvania, and any other individual private citizens,
whose involvement and identities are presently not known, in their individual and official
capacities

———————————————————————
On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-00669)
District Judge:  Honorable Nora B. Fischer
———————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 6, 2015

Before: CHAGARES, JORDAN, and GREENBERG, Circuit Judges

(Opinion filed:  March 16, 2015)

OPINION[*]

PER CURIAM

Pro se litigant William Basemore appeals the District Court's dismissal of his complaint alleging a host of violations by medical staff and prison administrators at the State Correctional Institute at Greene in Waynesburg, Pennsylvania. For the reasons set forth below, we will affirm the District Court's judgment.

Basemore is incarcerated at SCI-Greene, where he is serving a sentence for a 1986 robbery and murder. See Commonwealth v. Basemore, 744 A.2d 717, 720-21 (Pa. 2000). On November 26, 2011, he injured his back and hip while carrying boxes at his job as a prison custodial/maintenance worker.[1] He signed up for sick call and was prescribed Motrin. Not long thereafter, he re-injured his back, along with his hip, left leg, and foot, while reaching for a box on a high shelf at work. He was immediately seen by the prison physician, Dr. Jin. Basemore continued taking the prescribed Motrin, and when he complained of continuing pain, the prescription was increased. The pain persisted, and so

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The following recitation of facts is gleaned from the complaint. In reviewing a complaint that was dismissed for failure to state a claim, we accept all well-pleaded factual allegations set forth therein as true. See Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 212 (3d Cir. 2013).

several follow-up medications were prescribed for him over time, including Flexirol, Ultram, Naprosyn, Tylenol, Robaxin, and Vicodin.

The following January, Basemore underwent an x-ray that showed bone deterioration in his back and abnormally aligned vertebrae. He met with Dr. Parks and requested an increase in his anti-inflammatory medication, and Dr. Parks renewed his pill-line pass to extend through the end of February. But when Basemore entered the pill-line on February 3 to receive his medication, Nurse Hilberting tore up his pass and stated "You're done." Basemore did not obtain his medications until February 8. On February 6, he filed Grievance #399797 to complain about the destruction of his pill-line pass and the deliberate indifference he believed the medical staff was demonstrating toward him. The grievance was denied.

In April, Basemore began seeing a physical therapist regularly in addition to taking his ongoing medications. The physical therapist noted that the L5 and S1 vertebrae were the sources of his problem. The physical therapist encouraged him to sit up straight to support his lower back, and it appears that he received a back brace per the therapist's recommendation. During that same time period, Basemore attempted to obtain a copy of his prison medical records. His request was denied. Basemore filed a grievance (#410387) regarding the matter, and that too was denied.

In May, Basemore submitted a request for a handicap cell. He complained that the features of his non-handicap cell, particularly the toilet with no support railings and desk stool with no back support, were exacerbating his injury and causing him pain. Dr. Jin

determined that he did not require a handicap cell. Basemore consequently filed a grievance regarding the matter (#411306), which was denied.

Basemore also included within this complaint a claim regarding the removal of his "Z-Code status." Z-Code status is apparently a designation given to death row inmates that requires they be housed in single cells. After more than twenty years of that designation, Basemore lost his Z-Code status in February 2009. Later, he learned that it is standard practice for inmates to be psychologically evaluated before their Z-Code status is removed. Basemore did not undergo such a psychological evaluation when he lost his Z-Code status. In July 2011, he submitted a grievance (#373711) on this topic. The grievance was denied.

Proceeding pro se and in forma pauperis, Basemore filed this action pursuant to 42 U.S.C. § 1983 in the Western District of Pennsylvania in May 2013. Basemore alleged a variety of violations by numerous medical staff and prison administrators at SCI-Greene, including: (1) an Eighth Amendment violation for deliberate indifference to serious medical needs; (2) conspiracy; (3) a violation of the constitutional right to access the courts; and (4) a violation of the right to equal protection under the laws. He named thirteen defendants, including the prison health care administrator, three prison nurses, the prison's Chief Grievance Office, the Secretary of the Pennsylvania Department of Corrections, and Drs. Parks and Jin. He requested $40 million in compensatory and punitive damages, plus attorney's fees.

4

The defendants filed motions to dismiss the complaint (one by the prison employees collectively, and one by the doctors collectively).[2] The Magistrate Judge concluded that Basemore's claims failed, finding that all but one had not been properly exhausted, and that all claims were furthermore meritless. Basemore filed objections to her report. Unpersuaded by them, the District Court dismissed the complaint with prejudice. Basemore filed a timely appeal. We have jurisdiction under 28 U.S.C. § 1291 and exercise a plenary standard of review. See Connelly, 706 F.3d at 212.

Although Basemore raised a number of claims in his complaint, he argued only two in his brief to this Court: (1) that he properly exhausted most of the grievances at bar; and (2) that his Z-Code status was improperly removed. We shall address these two arguments and consider all others waived for failure to brief. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); see also Manna v. U.S. Dep't of Justice, 51 F.3d 1158, 1162 n.4 (3d Cir. 1995); Jackson v. Univ. of Pittsburgh, 826 F.2d 230, 237 (3d Cir. 1987).

Pursuant to the Prisoner Litigation Reform Act, a prisoner cannot sue under § 1983 without first exhausting his administrative remedies. See 42 U.S.C. § 1997e(a). Furthermore, that exhaustion must be "proper," in that it adheres to deadlines and other critical procedural rules; the exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."

---

[2] One defendant, Dr. Balk, filed a separate motion to dismiss the claims against him for lack of personal involvement. Basemore did not contest that motion. See "Plaintiff's Response to Defendant Balk's Motion to Dismiss," ECF #48. The District Court granted Balk's motion, and it is not at issue in this appeal.

Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). Basemore filed five grievances relevant to this complaint, only two of which are in dispute regarding exhaustion: Grievance #410387 and Grievance #411306.[3] Grievance #410387 was rejected at the final administrative level, the Secretary's Office of Inmate Grievances and Appeals within the Department of Corrections (SOIGA), because Basemore did not submit the required documentation.[4] This rejection constitutes failure to exhaust administrative remedies properly and precludes our review. See id. at 87-95.

Basemore argues that this failure should be excused because the facility manager took 22 days, rather than the prescribed 15,[5] to respond to Basemore's intermediate appeal. The manager's delay in responding does not itself present a constitutional problem. See Hovater v. Robinson, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993); see also

[3] Basemore concedes that Grievance #395403 was not properly exhausted. See "Appeal of U.S. District Judge[']s Memorandum Order Granting Defendant[s]' Motion[s] to Dismiss," filed by Basemore in this Court on April 14, 2014. We therefore do not address Grievance #395403. See Woodford, 548 U.S. at 87-95. The government concedes that Grievance #399797 was properly exhausted, but Basemore does not argue its merit in his briefing to this Court, so the issues raised in that grievance are waived. See Kost, 1 F.3d at 182; see also Manna, 51 F.3d at 1162 n.4; Jackson, 826 F.2d at 237. Grievance #373711 concerns the loss of Z-Code status, an issue Basemore has consistently argued, which is discussed at length infra.

[4] The Department of Corrections Defendants submitted copies of all relevant grievances to the Magistrate Judge and District Court. See "Appendix to Concise Statement of Material Facts," ECF #36. We may review those documents at the motion-to-dismiss level because the complaint relies on them, and because their authenticity is undisputed. See Spruill v. Gillis, 372 F.3d 218, 223 (3d Cir. 2004).

[5] See Pa. Dep't of Corr. Policy Statement, DC-ADM 804, Section 2(A)(2)(d)(1) ("The Facility Manager/designee shall notify the inmate using the Facility Manager's Appeal Response within 15 working days of receiving the appeal.").

Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Nor does it excuse Basemore's submission of an incomplete grievance package to the SOIGA, to the extent that the missing material was the manager's response; according to DOC grievance procedures, Basemore could not effectuate an appeal to SOIGA until he received that response. See Pa. Dep't of Corr. Policy Statement, DC-ADM 804, Section 2(B)(1)(a) ("The decision from the appeal to the Facility Manager must be received by the inmate before an appeal to Final Review can be sought."). So too with Grievance #411306, which was likewise rejected at the SOIGA level for missing documentation. The grievance was not properly exhausted and we therefore cannot review it. [6] See Woodford, 548 U.S. at 91-95.

Basemore also argues that his removal from Z-Code status in 2009 violated the Eighth Amendment because he was not psychologically evaluated for it. This claim is time-barred. The statute of limitations on actions brought pursuant to § 1983 is two years. See Sameric Corp. of Del. v. City of Phila., 142 F.3d 582, 599 (3d Cir. 1998); 42 Pa. Cons. Stat. Ann. § 5524. Basemore's Z-Code status was removed in 2009, which means that his claim had to be filed by 2011. He did not file it until 2013.

---

[6] We note that Basemore's reliance on our decision in Small v. Camden County, 728 F.3d 265 (3d Cir. 2013), is misplaced. In Small, we held that a litigant who had received no response to his grievance could not be faulted, in the context of administrative exhaustion, for failing to file an appeal: "[W]hen Small failed to receive even a response to the grievances addressing the . . . incidents, much less a decision as to those grievances, the appeals process was unavailable to him." 728 F.3d at 273. But here, Basemore did receive a response to his grievances, and to his intermediate appeals as well. The difference is dispositive; the appeals process was never "unavailable to him."

In his objections to the Magistrate Judge's report, Basemore contended that his claim is nonetheless timely because he did not discover until 2011 that it was "standard" for inmates to be evaluated before losing their Z-Code status. Assuming that is true, it is meaningless. In the very same paragraph of his objections, Basemore conceded that such evaluations are "not constitutionally required" for inmates in general, but maintained that failing to evaluate him reflected deliberate indifference to his allegedly serious medical need. Section 1983 actions accrue "when the plaintiff knew or should have known of the injury upon which [the] action is based." Sameric, 142 F.3d at 599. Because there is nothing to suggest that Basemore's medical need was somehow hidden from him until 2011, his alleged injury, which he claims arose as a consequence of losing his Z-Code status, accrued in 2009. Under the applicable two-year statute of limitations, this claim is thus time-barred.

Accordingly, we will affirm the judgment of the District Court. Basemore's motion for appointment of counsel is denied, and his request to appear before the Court via video conferencing is also denied.