BLD-165                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2712
_____

STANLEY J. CATERBONE,
                                              Appellant

v.

LANCASTER COUNTY PRISON;
CHERYL STEEBERGER, WARDEN;
ALEXANDRIA MILLER, Counselor (Official Capacity);
JAMES JOLLRATH, Block Sergeant (Official Capacity);
PRIME CARE, INC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-19-cv-02052)
District Judge:  Honorable Jeffrey L. Schmehl

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 16, 2020
Before:  AMBRO, GREENAWAY, Jr., and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: April 30, 2020)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Stanley Caterbone appeals the District Court's order dismissing his amended complaint for failure to state a claim. For the reasons below, we will summarily affirm the District Court's order.

In May 2019, Caterbone filed a motion for a preliminary injunction against Lancaster County Prison and its warden. He complained that while incarcerated in the prison he was not given writing supplies and copy services for his legal work. He demanded immediate copy service, medical treatment, and a criminal investigation. The District Court dismissed the pleading but gave Caterbone time to file an amended complaint. In its detailed order, the District Court gave Caterbone explicit instructions on how to provide sufficient information for his claims.

Caterbone filed an amended complaint, naming the warden, a counselor, a block sergeant, and the medical provider as defendants. The District Court dismissed the amended complaint before service pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Caterbone filed a timely notice of appeal, and we have jurisdiction under 28 U.S.C. § 1291.

Deliberate indifference to serious medical needs

In his amended complaint, Caterbone alleged that while incarcerated he needed medical treatment for chronic pain. He asserted that he was denied a cane and anti-inflammatory medication previously prescribed by his doctor and was instead given small doses of naproxen twice a day. In order to state a claim under the Eighth Amendment for denial of medical care, Caterbone needed to allege that the defendants were deliberately

2

indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth Cty Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). We will assume arguendo that Caterbone's chronic pain is a serious medical need. Thus, we address whether Caterbone has alleged facts that could establish that the defendants were deliberately indifferent to that serious medical need.

Caterbone asserted in his amended complaint that Warden Steeberger was responsible for providing medical treatment at the prison. However, prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official [] will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Caterbone had not alleged any facts suggesting that Warden Steeburger or the other prison official defendants had any reason to believe that Caterbone was not being appropriately cared for by the medical staff. Thus, we will examine the allegations of deliberate indifference with respect to the remaining defendant, Primecare, the prison medical provider. Primecare cannot be held responsible for the acts of its employees. See Natale v. Camden County Corr. Facility, 318 F.3d 575,

3

583 (3d Cir. 2003). Rather, Caterbone must show that Primecare had a policy or custom that caused the alleged deliberate indifference. Id. at 583-84.

As noted above, Caterbone alleges that he was given naproxen instead of more powerful anti-inflammatories. While he alleged that Primecare's medical staff took him on and off his pain medication, he has alleged no facts to support his conclusion that he was taken off the medication to cause pain and suffering and not as an exercise of medical judgment. Nor has he alleged any policy or custom by Primecare that led to his being taken off of his medication. Moreover, mere disagreement as to the proper medical treatment will not support a claim under the Eighth Amendment. Spruill, 372 F.3d at 235. Courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Jail v. Pierce, 612 F. 2d 754, 762 (3d Cir. 1979) (citations omitted). We agree with the District Court that Caterbone has not stated a claim for deliberate indifference to any serious medical need.

Denial of access to the courts

Caterbone alleged that he was provided the materials and services needed for his pending legal cases only sporadically. In order to state a claim of the denial of access to the courts, a prisoner such as Caterbone must allege that his efforts to pursue a legal claim were hindered and he suffered an actual injury. Lewis v. Casey, 518 U.S. 343, 351 (1996). In dismissing his original complaint for failure to state a claim, the District Court advised Caterbone of this requirement.

4

In his amended complaint, Caterbone appeared to allege that, in May 2019, he twice appealed a state court's order deferring his sentencing on a probation violation until after his pending criminal charges were resolved. Caterbone alleged that the appeals were purposefully mishandled by prison officials to keep him falsely imprisoned and, as a result, the state court denied his request for relief on June 13, 2019. He claimed that prison employees could not confirm that the appeals were mailed and that the docket shows that the appeals were not recorded. However, the electronic state court docket indicates that several filings were received from Caterbone in May 2019, including a petition for transcripts, a petition for house arrest, a motion for reconsideration, and three filings labeled "case correspondence." Even if his filings were not received and docketed as he believed they should be, Caterbone has not alleged any facts supporting a claim that any mishandling of the mail by prison officials caused the lack of receipt as opposed to mistakes by the postal service or the state court's clerk's office. Moreover, even if he had alleged facts showing fault by prison officials, he did not plausibly allege an actual injury as discussed below.

Caterbone needed to allege an actual injury, i.e., that he was hindered in his efforts to litigate a nonfrivolous or arguable claim. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008). Prisoners may proceed on access-to-court claims only for challenges to their sentences or conditions of confinement, see id. at 205, and Caterbone has failed to allege an actual injury with respect to any such legal challenge. Caterbone asserted that the mishandling of his appeals of the order deferring sentence on his probation violation

5

caused him to spend additional time in jail.[1]  However, Caterbone did not submit copies of the missing appeals or describe the legal arguments made therein.  Nor has he explained how his arguments had any merit.[2]  Thus, we agree with the District Court that Caterbone has failed to state a claim for denial of access to the courts.[3]

The District Court did not err in dismissing Caterbone's complaint for failure to state a claim.  Because Caterbone was given an opportunity to amend his complaint and guidance on how to cure the defects therein, the District Court did not err in not giving him another chance to amend his complaint after he failed to cure the defects in his original complaint.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit

---

[1] According to the state court electronic docket, Caterbone was represented by counsel on the probation violation.

[2] Caterbone includes with his complaint a copy of an "emergency motion for relief due to court-related fraud" dated June 11, 2019, that he filed with the state court.  In that motion, he alleged that neither his 77-page May 4 appeal of the March 19, 2019 order nor the 121-page May 23 appeal of that order were docketed.  The state court denied the motion without giving its reasons.  Thus, the state court was aware of the allegedly missing appeals and did not conclude that any relief was necessary.

[3] For the reasons given by the District Court, we agree that, to the extent Caterbone sought to raise a claim based on the prison officials' responses to his grievances, he has failed to state a claim.  See Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (no constitutional right to prison grievance process).

I.O.P. 10.6. Caterbone's motion to file exhibits is denied.