**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1498
_____

MISAEL CORDERO,
Appellant

v.

GREGORY KELLEY, sued in their individual and official capacities; STEPHEN
D'LLIO, in his official capacity; BRUCE DAVIS, in his official capacity
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:17-cv-01596)
District Judge: Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 5, 2022

Before: RESTREPO, PHIPPS and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 24, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Misael Cordero appealed after the District Court granted summary judgment to the defendants. We will affirm in part and vacate in part the District Court's judgment.

## I.

Cordero, a former inmate at the New Jersey State Prison ("NJSP"), asserted that his Christian religion requires him to spread the Word of God and messages of salvation, which he accomplishes by ordering religious pamphlets to send to friends and family. Cordero attested to receiving hundreds of pamphlets at a time via mail at NJSP prior to 2015, but, from 2015 to 2017, Gregory Kelley, a correctional officer at NJSP, rejected three such mailings. Cordero contended that Kelley's actions violated the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1(a) ("RLUIPA"), and the Free Exercise Clause of the First Amendment, and that Stephen D'Ilio, NJSP's former administrator, acquiesced in Kelley's conduct and violated Cordero's right of access to the courts by failing to properly decide his grievance appeals. Cordero, suing Kelley and D'Ilio in their individual and official capacities, sought injunctive and declaratory relief and damages.

Screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the District Court dismissed with prejudice Cordero's claim for money damages against the defendants in their official capacities and dismissed his access-to-the-courts claim without prejudice for failure to state a claim. The District Court also substituted Warden Bruce Davis, in his

2

official capacity, for D'Ilio since D'Ilio was no longer administrator of NJSP. See Fed. R. Civ. P. 25(d) (providing that, when public officer who is a party in his or her official capacity leaves office while action is pending, "[t]he officer's successor is automatically substituted as a party"). The District Court subsequently granted the defendants' motion for summary judgment on the remaining claims, concluding that rejection of Cordero's bulk religious mail did not violate RLUIPA or the First Amendment. Cordero timely appealed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We exercise plenary review over the District Court's dismissal order, see Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000), and award of summary judgment, see Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). To survive dismissal, a complaint must "state a claim to

---

[1] The Appellees argue that we lack jurisdiction over the District Court's sua sponte dismissal of Cordero's access-to-the-courts claim because it was not identified in his notice of appeal. We disagree. Although Cordero's notice of appeal specified only the District Court's March 1, 2021 order granting the defendants' motion for summary judgment, it can be "fairly inferred" that he intended to appeal the District Court's earlier decision addressing the same complaint. Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010); see also Shea v. Smith, 966 F.2d 127, 129 (3d Cir. 1992) ("We have held that when an appellant gives notice that he is appealing from a final order, failing to refer specifically to earlier orders disposing of other claims or other parties does not preclude us from reviewing those orders."). Moreover, although the District Court dismissed the access-to-the-courts claim without prejudice, the order is final for purposes of § 1291, since Cordero did not amend his complaint or seek leave to do so, and he maintains that his allegations were sufficient to state a claim. See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007).

3

relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the nonmovant, "there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" *Kelly v. Borough of Carlisle*, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted); see also Fed. R. Civ. P. 56(a). We may affirm "on any basis supported by the record." See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

III.

The District Court properly dismissed Cordero's "access-to-the-courts" claim. Prisoners do not have a constitutional right to grievance procedures, see Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam), and a prisoner's right of access to the courts "is not compromised by the prison's refusal to entertain his grievance," Flick, 932 F.2d at 729. Accordingly, any alleged failure on the part of D'Ilio to properly consider Cordero's grievance appeals does not give rise to a constitutional claim because it did not interfere with his ability to file a civil rights action in the District Court, as he did here. See Flick, 932 F.2d at 729; see also Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (reasoning that prisoners alleging violations of right of access to the courts must show "that they lost a

4

chance to pursue a 'nonfrivolous' or 'arguable' underlying claim" (citation omitted)).

The District Court thus properly dismissed this claim.[2]

We will also affirm the District Court's grant of summary judgment as to Cordero's claims for injunctive and declaratory relief under RLUIPA and the First Amendment, because these claims were mooted by Cordero's transfer out of NJSP during the pendency of this action. See Sutton v. Rasheed, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam). Although Cordero suggested that he may return to NJSP because "lifers" such as himself are often transferred to make space in other facilities, see Dkt. #65 at 26-27,[3] this is speculative, see Abdul-Akbar v. Watson, 4 F.3d 195, 206-07 (3d Cir. 1993). Moreover, Cordero named only NJSP officials in this action and has maintained that he is challenging discrete actions by the defendants. While the defendants have maintained that Cordero's religious pamphlets were confiscated pursuant to policy, they have not indicated that any policy that may exist reaches beyond NJSP. Thus, any injunction or declaratory judgment would pertain only to an institution in which Cordero is no longer imprisoned and thus would not provide meaningful relief. See Abdul-Akbar, 4 F.3d at 206; Jordan v. Sosa, 654 F.3d 1012, 1027-29 (10th Cir. 2011). Additionally, Cordero is

---

[2] In his opening brief, Cordero did not challenge the District Court's dismissal of his claims against the defendants in their official capacities insofar as he sought money damages. He has thus forfeited those claims. See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020).

[3] For purposes of this opinion, we use the pagination given to the parties' filings by the CM/ECF docketing system.

not entitled to relief under RLUIPA since it does not allow for recovery of money damages. See Sharp v. Johnson, 669 F.3d 144, 154 (3d Cir. 2012) ("RLUIPA does not permit an action against Defendants in their individual capacities.").

As for Cordero's claim for damages under the First Amendment, the District Court accepted that Cordero's pamphlets were rejected pursuant to NJSP policy providing that bulk religious materials for distribution must be sent through the prison chaplaincy and upheld the policy upon considering the factors described in Turner v. Safley, 482 U.S. 78, 89-90 (1987).[4] However, Cordero has maintained that Kelley was not following any policy from 2015 to 2017 and that he "is no[t] asking for a policy change[]." Appellant's Br. 28. He presented evidence that he obtained orders of 100 to 450 pamphlets at a time without issue in prior years when they were processed by other correctional officers and that New Jersey Department of Corrections ("DOC") regulations generally permit inmates "to receive through the mail and retain" religious literature without limitations on quantity. See Dkt. #73 at 5-6, 42. Moreover, he declared that he was advised in 2017 that he could not obtain pamphlets through the chaplaincy since Kelley alleged risk of distribution to other inmates, and he pointed to a 2016 grievance response providing that "Religious and Educational materials do not require pre-approval from the

---

[4] The defendants did not dispute that Cordero's religious beliefs are sincerely held. See DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000) (en banc) ("[O]nly those beliefs which are both sincerely held and religious in nature are entitled to constitutional protection.").

Administration." Id. at 7, 43.[5] Cordero also asserted that defendants were unable to provide information regarding the bulk mail policy in discovery, and that an open records request submitted to the DOC returned no responsive results. Id. at 8.

Moreover, the defendants did not provide a written policy or describe the bulk mail restriction or its implementation with specificity. Rather, they submitted a declaration from a supervisor of NJSP's chaplaincy services, Jamal El-Chebli, describing "the procedure in place *at this time* regarding the receipt of bulk religious materials." See Dkt. #56-10 at 7 (emphasis added). The District Court relied substantially on this declaration in granting summary judgment. But it was dated January 8, 2019—several years after the events giving rise to Cordero's claims—and in it, El-Chebli attested that he did "not know whether bulk religious materials have been received through the [NJSP] mailroom in the past." Id. El-Chebli's declaration therefore does not inform what, if any, policy existed from 2015 to 2017 when Cordero's pamphlets were confiscated.

Because the existence of a policy is in dispute based on the current record, whether Kelley was acting pursuant to policy in rejecting Cordero's religious mail is also a matter of dispute. In light of these genuine issues of material fact, summary judgment on Cordero's claim for damages under the First Amendment was inappropriate. We will vacate the judgment as to this claim and remand for further proceedings. If a more

---

[5] Later grievance responses, from 2017, seemed to change course, explaining that Cordero's most recent order was rejected because it was received in bulk. Id. at 46, 51.

developed record demonstrates that Kelley was acting in accordance with policy at the time, the District Court may then consider whether application of that policy to Cordero ran afoul of the First Amendment. Cf. Wolf v. Ashcroft, 297 F.3d 305, 310 (3d Cir. 2002) (noting that "courts of appeals ordinarily remand to the trial court where the *Turner* factors cannot be assessed because of an undeveloped record"); DeHart, 227 F.3d at 59-60 (reversing district court's grant of summary judgment and remanding for further development of the record and "a more thorough analysis of the reasonableness of the restriction imposed on [the appellant's] religious expression").[6] We will therefore vacate the judgment of the District Court as to Cordero's First Amendment claim for damages and remand for further consideration. We will otherwise affirm the District Court's judgment.

---

[6] We note that the defendants raised other grounds in support of their motion for summary judgment, for example non-exhaustion and qualified immunity. The District Court did not address those arguments, the parties have not raised them in this Court, and we will not consider them in the first instance on appeal. The District Court is free to consider them on remand.