FILED

MAY 09 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHANNON RILEY,

               Plaintiff - Appellant,

  v.

S. ROACH, Correctional Officer and E. MORRIS, Correctional Officer,

               Defendants - Appellees.

No. 12-15891

D.C. No. 4:10-cv-02088-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Chief District Judge, Presiding

Argued and Submitted April 9, 2014
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior District Judge.[**]

     Plaintiff-Appellant Shannon Riley, a California inmate, appeals from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Robert W. Pratt, Senior District Judge for the U.S. District Court for the Southern District of Iowa, sitting by designation.

Defendants-Appellees S. Roach and E. Morris retaliated against him for filing a prison grievance. In addition, Riley appeals the district court's dismissal of his § 1983 action against Defendants-Appellees Medina, Nickerson, and Smith ("Appeals Coordinators") for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Riley alleged the Appeals Coordinators failed to properly process grievances he filed against Officer Morris. We review de novo. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (dismissal); *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009) (summary judgment). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.[1]

## A.    Retaliation Claims

### 1. Officer Roach

The district court correctly held that Riley did not raise a genuine issue of material fact as to whether a retaliatory animus was the but-for cause of Roach's actions. To establish the element of causation at summary judgment, Riley "must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." *Broheim*, 584 F.3d at 1271(quoting *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)) (internal quotation marks

_____

[1]    Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

omitted).  The burden then shifts to Officer Roach to show "by a preponderance of the evidence that [he] would have" taken the same action "even in the absence of the protected conduct."  *Mt. Healthy City Sch. Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *see also Soranno's Gasco*, 874 F.2d at 1314.

Riley alleged that Officer Roach told him he was not releasing Riley from his cell for his work assignment as prison barber because he did not "like inmate paper pusher[s]" who "file against one of [his] buddies," referring to another correctional officer.  Thus, Riley met his burden of putting forth evidence of a retaliatory motive.  Officer Roach declared that on July 8 and 9, 2009, he was unaware that Riley had filed grievances against other correctional officers and a reason he may not have released Riley was that no inmates needed haircuts on those days.  There was also evidence showing that Officer Roach had just started working in the building in which Riley was housed and that the prison's formal procedure did not provide for inmates to be released to compile lists of inmates needing haircuts.  Riley conceded that he did not provide Officer Roach with a list of inmates needing haircuts and he failed to produce any evidence showing that Officer Roach was aware that a different practice was being utilized in that building.  Thus, Officer Roach met his burden of showing by a preponderance that he would have taken the same action absent a retaliatory motive.

3

Moreover, we have "made clear that the prisoner plaintiff 'bears the burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains.'" *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003) (quoting *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995)). The record supports the district court's conclusion that Riley failed to show the absence of legitimate correctional goals. Officer Roach's declaration points to prison regulations that tightly restrict inmate movements to and from work assignments and notes that permitting inmates to wander around prison facilities would jeopardize safety and security.

Riley also failed to show that Officer Roach's issuance of the Rules Violation Reports ("RVR") did not further legitimate correctional goals. Riley admitted to the conduct alleged in the December 2009 RVR, and was "convicted" of the offense charged and the conviction was upheld at two levels of review. As to the March 2010 RVR, Riley offered only a categorical denial of Officer Roach's charge and did not offer any contrary facts.

2. Officer Morris

The district court correctly found that Riley failed to show that Officer Morris allegedly falsified his time sheet to in an effort to conceal Officer Roach's retaliatory conduct. Riley concedes that Officer Morris did not sign Riley's time

4

sheet for July 8 and 9, 2009, but argues that Officer Morris's alleged falsification spanned several months. However, Riley failed to establish causation or that Officer Morris's actions did not reasonably further legitimate correctional purposes. Officer Morris presented evidence that he was following prison procedures that mandate only one barber at a time can work in the designated area and that he credited barbers' time sheets, under what he thought was standard practice, for time that they were unable to work due to this rule.

## B. Dismissal of Claims Against the Appeals Coordinators

The district court correctly dismissed Riley's claims against the Appeals Coordinators for failure to state a claim because inmates do not possess a constitutional right to a prison grievance system. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Further, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Even if Riley had a cognizable right to a grievance system, the record shows that several of Riley's appeals were accepted, investigated, and reviewed through multiple administrative levels.

**AFFIRMED.**

***Shannon Riley v S. Roach et al 12-15891***

PRATT, Senior District Judge, concurring in part and dissenting in part.

I respectfully dissent from the majority's position on Riley's retaliation claim against Roach for refusing to release him from his cell on July 8 and 9, 2009. Riley claims that when he asked Roach on July 8 why he was refusing to release Riley from his cell, Roach replied, "I don't like inmate paper pushers. Specifically when inmates file against one of my buddies." The record also contains two inmate affidavits attesting that Roach treated Riley differently from other inmates by refusing to release him from his cell for work. I believe this evidence is sufficient to sustain Riley's prima facie burden under *Mt. Healthy* to show that retaliation was a motivating factor behind Roach's refusal to release Riley from his cell on the dates in question. For reasons discussed *infra*, I also believe that Riley's direct evidence of Roach's retaliatory intent is sufficient at the summary judgment stage to sustain Riley's burden to "plead[] and prove the absence of legitimate correctional goals for the conduct of which he complains," as required by *Pratt*. *See Bruce*, 351 F.3d at 1289–90 ("Because Bruce raised a jury issue that the stated penological goals were not legitimate, summary judgment was not appropriate on the retaliation claim.").

Roach does not actually recall whether he released Riley from his cell on the dates in question, but contends that if he did not, "one likely reason is that there

were no inmates who needed haircuts on those dates." Roach further asserts that he only ever refused to release Riley from his cell for work to "improve safety and security by keeping Riley in his cell when Riley had no haircuts or other barber-related work to perform." Riley, however, has proffered evidence that he and the other barber in Building 7 were ordinarily released from their cells for approximately thirty minutes each morning to perform barber-related work, i.e., to compile a list of inmates needing haircuts that day. Although this practice departed from the prison's operational regulation requiring the Housing Unit Officer to sign inmates up for haircuts upon their request, Roach neither references the operational regulation nor claims to have relied on it in deciding whether Riley should be released from his cell.[1]

Even accepting that prison safety and security is the quintessential legitimate penological interest, it appears to me that Roach has merely "articulat[ed] a general justification for a neutral process" that is insufficient to warrant summary judgment in his favor. *Bruce*, 351 F.3d at 1289. Riley's direct evidence that Roach harbored a retaliatory animus at the time he refused to release Riley from his cell is

---

[1]    Roach claims that there is no evidence that he, as an officer newly assigned to Building 7, was aware that Riley had been delegated the task of compiling the haircut list. While this may be true, the record likewise contains no evidence suggesting that Officer Roach was unaware Riley had been delegated this task.

sufficient to raise a genuine issue of material fact as to whether Roach's decision was made in retaliation for Riley's exercise of his constitutional rights. *See id.* ("[I]f, in fact, the defendants abused [an otherwise neutral prison regulation] as a cover or a ruse to silence and punish [the plaintiff] because he filed grievances, they cannot assert that [enforcement of such regulation] served a valid penological purpose, even though [plaintiff] may have *arguably* ended up where he belonged."). Accordingly, I would reverse the district court's grant of summary judgment in favor of Roach on Riley's claim that Roach improperly retaliated against him by refusing to release him from his cell on July 8 and 9, 2009. I concur with the majority opinion in all other respects.

3