**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4162
_____

WILLIE L. DAVIS,
                                    Appellant

v.

CHARLES E. SAMUELS, JR.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. M.D. Pa. No. 3-14-cv-00821)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 26, 2015
Before:  AMBRO, JORDAN and KRAUSE, <u>Circuit Judges</u>

(Opinion filed: March 30, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Willie Davis appeals pro se from an order of the District Court dismissing his

complaint under 28 U.S.C. § 1915(e)(2)(B).  Because we agree with the District Court

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

that Davis failed to state a claim upon which relief may be granted, we will summarily affirm.

I.

Davis is currently incarcerated in the special management unit at the United States Penitentiary in Lewisburg, Pennsylvania. He filed the civil rights complaint at bar against Charles E. Samuels, Jr., Director of the Federal Bureau of Prisons, alleging constitutional violations that arose from prison practices and grievance procedures. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Specifically, he alleged that prison officials removed mattresses from the cells in his unit for 16 hours per day, that he was denied medical treatment for conditions (hemorrhoids and body aches) that arose from the removal of the mattresses, and that Samuels failed to act favorably on his grievance regarding these issues. Davis sought compensatory and punitive damages.

The Magistrate Judge initially recommended that Davis' claim be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii) ("fails to state a claim on which relief may be granted"). The Magistrate Judge, noting that Davis was proceeding pro se, also recommended that Davis be given 20 days to amend his pleading, and the District Court adopted the recommendation. Davis did not amend, and the Magistrate Judge's second report recommended that the District Court dismiss Davis' case with prejudice "as frivolous for failure to state a claim." The District Court adopted the Magistrate Judge's

report, but its dismissal language referenced only § 1915(e)(2)(B)(i) ("frivolous or malicious"). Davis filed a timely notice of appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal of Warner's complaint under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's judgment if an appeal presents no substantial question. See 3d Cir. LAR 27.4 and I.O.P. 10.6.

## III.

It is unclear whether the District Court intended to dismiss Davis' claim under § 1915(e)(2)(B)(ii), as it suggested following the Magistrate Judge's first report, or under § 1915(e)(2)(B)(i), as it indicated following the second report. Davis merely chose not to amend his original complaint; he did not alter it in any way. Moreover, if the District Court initially found Davis' complaint to be frivolous under § 1915(e)(2)(B)(i), it would not have needed to grant Davis the opportunity to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 112-13 (3d Cir. 2002)

The answer to this question potentially affects our standard of review. See Ball v. Famiglio, 726 F.3d 448, 462 & n.18 (3d Cir. 2013) (noting the potential of more deferential review of §1915(e)(2)(B)(i) dismissals). Under the circumstances, we will treat the District Court's dismissal as one under § 1915(e)(2)(B)(ii), which we review de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); see also Geiger v.

3

Jowers, 404 F.3d 371, 373 (5th Cir. 2005) (using, in a similar case, the more generous standard of review).[1]

The District Court properly dismissed Davis' complaint. The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Allah, 229 F.3d at 223. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Blanket assertions and conclusory statements by themselves do not suffice to show plausibility. See Renfro v. Unisys Corp., 671 F.3d 314, 320 (3d Cir. 2011).

A.     Dismissal of the claim against Samuels for acts done by prison personnel

We begin with Davis' claims against Samuels for harm allegedly done on-site by prison officials and medical personnel. Davis did not allege that Samuels himself had any involvement in the removal of mattresses from Davis' unit or in the denial of Davis' medical care, and a civil rights claim cannot be premised on a theory of respondeat superior. See Iqbal, 556 U.S. at 675-77; Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Davis, who – as we have noted – did not utilize his opportunity to amend his

---

[1] We note, of course, that we would reach the same result if we employed a more deferential standard. Regardless of which ground Davis' claim is dismissed on, it appears to constitute a "enumerated strike ground" under § 1915(g), which may affect Davis' ability to bring *in forma pauperis* claims in the future. Ball, 726 F.3d at 462.

complaint, has also not attempted to sue those directly responsible for the acts described in his claim. His claim must therefore meet the test for supervisory liability that we developed in Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989).[2] See Barkes v. First Corr. Med. Inc., 766 F.3d 307, 330 (3d Cir. 2014).[3] Here, Davis has not alleged any facts suggesting that the practice of removing mattresses during the day created an unreasonable risk of a constitutional violation or that Samuels would have been aware of any such risk. The District Court thus correctly held that Davis failed to make a plausible claim for relief against Samuels for harms he claims to have suffered at the hands of prison officials.

B.      Dismissal of the claim against Samuels for grievance response

Davis' claim that Samuels should be liable because he did not favorably resolve Davis' grievance also fails. First, we note that the Constitution does not even require a prison to utilize a grievance procedure. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner."); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991). Because prisoners have

---

[2] Under Sample, "to hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." Beers-Capitol v. Whetzel, 256 F.3d 120, 134 (3d Cir. 2001).

[3] Barkes affirmed the continuing viability of the Sample test following the Supreme Court's discussion of supervisory liability in Iqbal, 556 U.S. 662, 676. See Barkes, 766 F.3d at 320.

no constitutional right to a grievance process, the tenor or existence of Samuels' response did not violate Davis' constitutional rights. See Massey, 259 F.3d at 647.

Further, as we suggested above, personal involvement is required to find a constitutional violation. See Iqbal, 556 U.S. at 675-77; Rode, 845 F.2d at 1207-08 (holding that a plaintiff must establish that the defendants "have personal involvement in the alleged wrongs [which] . . . can be shown through allegations of personal direction or of actual knowledge and acquiescence"). Davis does not claim that Samuels personally directed any unlawful conduct by on-site officials, but he does appear to claim that, because he sent the grievance to Samuels' office, Samuels knew of and acquiesced in their conduct. This argument fails. In Rode we held that the filing of a grievance with the governor's office of administration was "simply insufficient" to prove that governor had actual knowledge of an alleged action. Id. at 1208. In a similar way, merely sending an individual grievance about an occurrence in one unit of a single prison to the office of Samuels, the Director of the Federal Bureau of Prisons, in no way establishes that Samuels actually knew about the grievance or acquiesced in the conduct described in it. "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." Id. at 1207. Here, Davis has made no attempt to allege particular facts leading to the conclusion that Samuels personally knew of or acquiesced

6

in any of the challenged conduct of subordinates. The District Court was therefore correct to dismiss the claim regarding Davis' grievance.[4]

IV.

For the reasons given in this opinion, we will affirm the judgment of the District Court.

---

[4] Moreover, because Davis failed to amend his complaint during the District Court proceedings, despite being given the opportunity to do so, we agree that the District Court was correct to dismiss his claim with prejudice. See In re Westinghouse Sec. Litig., 90 F.3d 696, 703 (3d Cir. 1996).