**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1726
_____

ISAIAH RANSOME,
                              Appellant

v.

STEVEN LONGSTRETH, Unit Manager, at SCI Greene; Ms. SHETKA, E Block
Counselor, Lieutenant at SCI Greene; T. JOHNSON, Correctional Officer at SCI Greene;
T. LEWIS, Correctional Officer at SCI Greene; Mr. V. SANTOYO, Lieutenant at SCI
Greene; Mr. HOWELLS, Lieutenant at SCI Greene; Mr. Tallot, Lieutenant at SCI
Greene; MICHAEL ZAKEN, Superintendent at SCI Greene; Ms. D. VARNER, Chief
Grievance Office at Secretary's Office of Inmate Grievances and Appeal, Pa. DOC-
Mechanicsburg, Pa.; KERI MOORE, Designated Grievance Respondent at Secretary's
Office of Inmate Grievances and Appeals, Pa. DOC-Mechanicsburg, Pa.; TRACY
SHAWLEY, Former Grievance Coordinator/Superintendent's Secretary Unit Manager at
SCI Greene
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2-22-cv-00128)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 17, 2023
Before:  SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Opinion filed: September 19, 2023)

---

OPINION[*]

---

PER CURIAM

Pro se appellant Isaiah Ransome, proceeding in forma pauperis, alleged that the requirement to participate in two similar prison educational programs violated his constitutional rights. He further alleged that two of the Defendants engaged in a conspiracy designed to deceive him into attending these programs, and that one of them threatened him, saying that if he did not participate, then he would not be eligible for a transfer to his preferred institution. Ransome also claimed that a search of his cell—along with the confiscation, damage, and destruction of his property—violated his constitutional rights, including his right to equal protection and his right to access the courts.

The Defendants filed a motion to dismiss for failure to state a claim. Adopting the report and recommendation of a Magistrate Judge, the District Court dismissed most claims with prejudice, but allowed Ransome to file an amended complaint only as to his First Amendment access to the courts claim. He did not do so within the time permitted,

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

and the District Court dismissed the remaining claim with prejudice. After being permitted an extension of time to file an appeal, Ransome filed a notice of appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's grant of a motion to dismiss for failure to state a claim. *See St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, 967 F.3d 295, 299 (3d Cir. 2020). We may affirm on any basis supported by the record, *see Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam), and we may take summary action when no substantial issue is presented on appeal. *See* 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

First, we agree with the District Court that Ransome's constitutional rights were not violated by the requirement that he complete two similar programs. The "Due Process Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin v. Conner*, 515 U.S. 472, 480 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). As the District Court correctly concluded, prison program requirements are among "the ordinary incidents of prison life" and there is no liberty interest implicated by being required to complete them. *See id.* at 484 (noting that state-created liberty interests protected by the Due Process Clause "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").

3

To the extent that he challenged his placement in one prison over another, the District Court was correct when it determined that Ransome's liberty interest was not implicated by the prison authorities' decision to assign him to one institution over another. *See Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) ("The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause . . . Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."). And Ransome's conspiracy claim lacked sufficient particularity to establish a viable claim.

Regarding the allegations related to the search of his cell, Ransome did not state a claim upon which relief could be granted. Although he claimed that he is a "class of one" for the purpose of his equal protection claim because a grey trash can was placed only in his cell, he did not allege that other similarly situated inmates—i.e., inmates undergoing a cell search on suspicion of possessing contraband following an alert from a dog—were treated differently. *See Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006) (explaining that, to state a claim under a "class of one" theory, a plaintiff must allege that (1) a defendant treated him differently from others similarly situated, (2) the defendant did so deliberately, and (3) there was no rational basis for the difference in treatment).

4

Also, as the District Court noted, on the face of the complaint, there was a rational basis for any different treatment arising from the incident, namely, the trash can was placed in Ransome's cell to dispose of any suspected contraband that might be discovered during the search.

Ransome's procedural due process claim relating to the intentional or negligent deprivation of his property fares no better. To succeed here, he would need to show that he lacked an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984). As the District Court correctly concluded, it was plain from the face of the complaint that an adequate post-deprivation remedy existed, namely the prison grievance process. Additionally, Ransome's allegations regarding violations of the prison's administrative grievance policy do not amount to a constitutional violation. *See Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, a right that is not compromised by the prison's refusal to entertain his grievance."); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (holding that prisoners do not have a constitutionally protected right to a prison grievance process).

To the extent that Ransome also invoked the Fourth Amendment to challenge the seizure of his property, he did not state a claim because "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the

5

prison cell" and this reasoning also "appl[ies] with controlling force to seizures." *See Hudson*, 468 U.S. at 526, 528 n.8. Any claim under the Eighth Amendment also falls short. The destruction of Ransome's documents and photos and damage to his typewriter do not rise to the level of an Eighth Amendment violation because they are not "objectively, sufficiently serious" so as to "result in the denial of the minimal civilized measure of life's necessities." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (cleaned up).

Lastly, regarding the alleged confiscation of his legal documents, Ransome did not state a claim for a violation of his right to access the court because he did not identify a lost, meritorious opportunity and therefore did not allege an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 352–53 (1996) (holding that an inmate must allege an actual injury in order to bring a claim for the denial of access to the court). And, although the District Court gave him an opportunity to amend, he did not do so.

For the reasons stated above, we conclude that no substantial question is presented on appeal. Accordingly, we will affirm the District Court's judgment.