ALD-163                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1712
_____

DONALD D. HIGGS,
Appellant

v.

NEW JERSEY DEPARTMENT OF CORRECTIONS; VICTORIA L. KUHN, Esq., NJ
DOC Commissioner; M. CHERY, Corrections Officer; NOREEN MCCALLUM, Special
Investigations Division Officer; BRIAN BOSTICK, Special Investigations Officer; G.
NOLLEY, Disciplinary Hearing Officer; FATHOM BORG, Assistant Administrator;
PATRICK K. NOGAN, Administrator of Northern State Prison; PATRICIA MCGILL,
Present Administrator; JOHN/JANE DOE Community/Offender Correspondence Unit;
ANISSA FARRELL, Assistant Ombudsman; MEGAN FARRELL, Assistant
Ombudsman; DARREN BRYANT, PREA Auditor; OFFICE OF ATTORNEY
GENERAL NEW JERSEY, and its subdivision; MICHELLE BROWN, New Jersey
Department of Corrections Ombudsman; JOHN DOE Office of the Attorney General
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-23-cv-23402)
District Judge:  Honorable Brian R. Martinotti
_____

Submitted for Possible Dismissal Due to a Jurisdictional Defect,
Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
August 1, 2024
Before:  HARDIMAN, MONTGOMERY-REEVES, and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 14, 2024)
_____

OPINION*
_____

**PER CURIAM**

Donald Higgs appeals pro se and in forma pauperis from an order screening his complaint and dismissing it pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim. Because we conclude that the appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Higgs' complaint.

I.

In 2023, New Jersey inmate Higgs filed a complaint in the United States District Court for the District of New Jersey, in which he alleged that the named defendants had violated his First and Eighth Amendment rights during and after an incident in which defendant Corrections Officer M. Chery briefly opened the shower curtain while Higgs was bathing. Higgs alleged that Chery's intent was voyeuristic and amounted to sexual abuse in violation of the Eighth Amendment. Higgs further alleged that Chery unlawfully retaliated in response to Higgs' filing of a grievance pertaining to the situation, and that the other named defendants violated his rights by failing to properly investigate or respond to his grievances. The District Court screened the complaint and dismissed it for failure to state a claim, but gave Higgs leave to amend the claims against all defendants except the New Jersey Department of Corrections and Office of the Attorney General.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rather than file an amended complaint, Higgs filed a notice of appeal in which he expressed a desire to stand on his initial filing.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[1] See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992); Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976) (per curiam). We exercise plenary review over the District Court's dismissal of a prisoner's complaint pursuant to its screening responsibilities under § 1915A. Durham v. Kelley, 82 F.4th 217, 223 (3d Cir. 2023). In order to state a claim, a complaint must allege facts sufficient to indicate the claim is plausible on the face of the complaint; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)).

## III.

We agree with the District Court's resolution of Higgs' claims and will summarily affirm its judgment.[2] The District Court correctly dismissed all claims against the New

---

[1] While this Court would not ordinarily have jurisdiction to review an order that dismisses claims without prejudice, Higgs has stated on the record that he does not wish to amend and instead wants to stand on his complaint. As a result, we have jurisdiction to consider this claim as though the District Court had dismissed his claims with prejudice. Borelli v. City of Reading, 532 F.2d 950, 951-52 (3d Cir. 1976)("[A]n order which dismisses a complaint without prejudice is neither final nor appealable" unless "the plaintiff cannot amend or declares his intention to stand on his complaint.")

[2] In reaching this decision, we have considered Higgs' "Informal Brief," which we treat as a statement in support of his appeal.

Jersey Department of Corrections and Office of the Attorney General because those parties are not "persons" within the meaning of § 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 65 (1989) ("[A] state [and its agencies are] not a person within the meaning of § 1983."); see also U.S. Const. amend XI. Nor did Higgs' complaint allege that either state agency was engaged in an unconstitutional custom or practice which might incur municipal liability under Monell v. Department of Social Services of City of New York. 436 U.S. 658, 690-91 (1978). As a result, Higgs' complaint fails to state a § 1983 claim against these state defendants as a matter of law, and the District Court correctly dismissed this claim with prejudice on screening.

Next, the District Court correctly dismissed all claims stemming from Higgs' use of the prison grievance process because Higgs' complaint failed to allege the personal involvement of most of these defendants in the denial of a constitutional right. For liability to attach under § 1983, the doctrine of respondeat superior is inapplicable; a defendant must be personally involved by their own actions in the alleged constitutional violation. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). The mere investigation or adjudication of a grievance is insufficient to implicate an officer in the underlying injury, as it does not demonstrate "personal knowledge" or violate a constitutional right for the purposes of § 1983. See Rode v. Dellaciprete, 845 F.2d 1195, 1208 (3d Cir. 1988).

At most, Higgs' only claims against many of the defendants alleged they had violated Higgs' rights by failing to fully investigate or rule favorably on his grievances. Many named defendants are not alleged to have acted at all, and their involvement in

4

Higgs' complaint is, at best, unclear.[3] For instance, the only assertion against Defendant Kuhn is that Attorney Kuhn "…was and is the New Jersey Department of Corrections Commissioner, and or acting commissioner, and as such acting under the supervision of the D.O.C. and in accordance with its official duties." Such threadbare assertions are plainly insufficient to allege personal involvement as required by § 1983, and thus, the District Court correctly concluded that the complaint failed to state a claim against these defendants.

Higgs' complaint failed to state a claim against defendants Darren Bryant and Michael Brown for similar reasons. While Higgs did allege their direct involvement in the investigation of his grievances, the complaint merely asserted that they had been deficient in their investigation of Higgs' grievances. Such involvement is insufficient to allege the violation of a constitutional right, because prisoners do not have a constitutional right to the prison grievance process. Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991); see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001).

Next, the District Court properly dismissed without prejudice the Eighth Amendment sexual abuse claims against M. Chery for failure to state a claim. To state a claim for sexual abuse under the Eighth Amendment, a prisoner must plead facts

---

[3] These defendants include: Commissioner Victoria L. Kuhn, Special Investigations Division Investigator Noreen McCallum, Special Investigations Division Investigator Brian Bostick, Disciplinary Hearing Officer G. Nolley, Assistant Superintendent Fathom Borg, Administrator Patrick Nogan, Administrator Patricia McGill, Community Correspondence Officer John/Jane Doe, Ombudsman Annissa Farrell, and Ombudsman Megan Farrell.

sufficient to show that the incident was "objectively, sufficiently intolerable and cruel [and] capable of causing harm," and subjectively, that the official acted "maliciously and sadistically" while inflicting that harm. Ricks v. Shover, 891 F.3d 468, 475 (3d Cir. 2018) (citing Whitley v. Albers, 475 U.S. 312, 319-20 (1986) (quotation omitted)). Higgs' complaint alleged that Chery had sexually abused him by "pull[ing] [the] shower curtain open while plaintiff was taking a work shower… [and] standing with it open for several seconds." The complaint did not allege that Chery was engaged in anything remotely sexual beyond a bald assertion of voyeurism. Such bald assertions are insufficient to satisfy either the objective or subjective prong of the analysis. Ricks, 891 F.3d at 475.

Finally, the District Court correctly dismissed all First Amendment retaliation claims against Chery without prejudice. To state a claim for retaliation in violation of the First Amendment, a prisoner must plausibly allege (1) that they were engaged in protected conduct; (2) that they suffered an adverse action "sufficient to deter a person of ordinary firmness" from exercising their constitutional rights; and (3) the constitutionally protected conduct was a "substantial or motivating factor" for the adverse action. Rauser v. Horn, 241 F.3d 330, 333-34 (3d Cir. 2001). Higgs' complaint alleged that Chery retaliated against him by subjecting Higgs to a search a day after Higgs had filed a grievance regarding the shower incident. Higgs submitted that just after Chery had stopped Higgs for a search, Higgs stated to Chery "you know I just filed a grievance against you," and then asked that a sergeant be called.

6

While screening his complaint, the District Court correctly noted that Higgs had not alleged any facts to suggest that Chery knew about the grievance at the time Chery stopped Higgs to search him, and as a result, Higgs had not adequately alleged that Chery's search was motivated by Higgs' protected conduct. While temporal proximity can sometimes be sufficient for a court to infer causation, such inferences are typically drawn when something in the record would indicate that the party engaging in the adverse action was actually aware of the protected activity, even if they ostensibly acted for legitimate reasons. Cf. Watson v. Rozum, 834 F.3d 417, 424 (3d. Cir. 2016) (holding that the record supported an inference of causality because Watson received a misconduct mere hours after requesting a grievance form along with other evidence implying causation); Jalil v. Avdel Corp., 873 F.2d 701, 708-09 (3d Cir. 1989) (where the Court concluded that the record on summary judgment supported a causal inference because an employee's transfer occurred two days after his employer learned of his EEOC complaint). Nothing contained in this Higgs' complaint would allow a Court to plausibly infer that Chery was aware of Higgs' grievance against him, much less that the grievance motivated Chery's search. As a result, the District Court correctly concluded that Higgs failed to state a claim for First Amendment retaliation because he did not allege that the adverse action he experienced was motivated by his protective activity. Rauser, 241 F.3d at 333-34.

## IV.

Because Higgs' appeal does not present a substantial question, we will summarily affirm the District Court's order dismissing Higgs' action.